PER CURIAM.
The Florida Bar at the direction of its Board of Governors has petitioned this Court to amend the Code of Professional Responsibility to prohibit interstate law firms from using their respective firm names on offices in this state, unless those named are members of The Florida Bar.
It is requested that we amend Disciplinary Rules 2-102(D) and 2-102(F) as follows :
“DR 2-102(D) — A partnership shall aet may be formed or continued between or among lawyers licensed in different jurisdictions ttnless aH enumeratteas ©f •fee members aad associates ef fee frém ©a its lettefeead and ia efeea permissible listings make dear fee j-urlsdictienal láa-itatieae ea these members aad associates ef fee -firm aet licensed te practico ia all listed -juriodictionst heweveaj fee same íaaa aarae may be «sed ia eaeh ■jti-ris-dictkmT, however, no enumeration of the members and/or associates of the firm on its announcements, letterheads or in any other manner, including permissible listings, shall include any person not admitted to practice in Florida. Similarly, no firm name shall include the name of any person not admitted to practice in Florida, except for deceased or retired members as provided in sub-paragraph (B).
“DR 2-102(F) — Nothing contained herein shall prohibit a lawyer from using or permitting the use of, in connection with his name, an earned degree or title derived therefrom indicating his training in the law, or his admission to practice in a jurisdiction other than Florida.”
[Portions of the present DR shown as being stricken are proposed deletions; portions underlined are proposed additions.]
The present Disciplinary Rules 2-102(D) and 2-102 (F) were adopted by this Court as presented by The Florida Bar on June 3, 1970. There is opposition to the proposed amendment by firms interested in the interstate practice of law, some of whom have already opened offices and made necessary commitments including expenditure of funds and movement of personnel for the operation of offices.
We have the inherent and constitutional responsibility under Article V, Section 15, Florida Constitution, to regulate the members of the Bar in order to ensure that the public will have competent and honest legal service available for its use. The Code of Professional Responsibility was adopted to carry out that purpose, and any amendment must have this purpose as its primary obj ective.
Petitioner contends that an interstate law firm’s use of its name on an office in *10 this state, staffed by members of The Florida Bar whose names are not included in the firm name, creates and promotes a-deception on the public, since the named members are not present to render legal services. It is our opinion that such use is no different than the staffing of an intrastate branch office or the use of the name of a deceased or retired partner in the firm name. The petitioner in both its brief and oral argument recognized that in order to meet constitutional requirements, this Court might have to review and amend the Disciplinary Rules pertaining to the use of a deceased or retired partner’s name. In order to consider such an amendment, full notice would have to be given to all members of the Bar who might be adversely affected.
The petitioner further contends that interstate law firms present jurisdictional disciplinary problems and foster the unauthorized practice of law in Florida by attorneys not admitted in this state. The present Disciplinary Rules were approved by national and state ethics committees as well as the Board of Governors before their submission and final adoption by this Court. No problem was anticipated at that time and, to our knowledge, no actual problems have occurred. Petitioner admits that there has not been the “slightest impropriety in the operation of interstate firms under their national name in Florida.” Petitioner has shown no actual incident of public complaint against deception, unauthorized practice of law, or other conduct requiring an immediate review and amendment of the present DR 2-102(D) and 2-102(F).
Accordingly, we are unable to consider favorably the petition in its limited form, and it is therefore denied.
It is so ordered.
ADKINS, C. J., and BOYD, OVER-TON, ENGLAND and HATCHETT, JJ., concur.
ROBERTS, J., dissents.
MOORE, J. H., Circuit Judge, dissents with an opinion.