363 So.2d 559 (1978)
THE FLORIDA BAR, Petitioner,
v.
Richard S. SAVITT and Stroock & Stroock & Lavan, Respondents.
No. 54658.
Supreme Court of Florida.
October 12, 1978.
Bernard H. Dempsey, Jr., Chairman of Standing Committee on Unauthorized Practice of Law, Orlando, and H. Glenn Boggs, II, Asst. Staff Counsel-UPL, Tallahassee, for petitioner.
William H. McBride, Jr., of Holland & Knight, Tampa, for respondents.
PER CURIAM.
This action was initially brought by The Florida Bar pursuant to Article XVI of the Integration Rule, to obtain an injunction restraining respondents from engaging in the unauthorized practice of law in Florida. The petition alleged that respondent Stroock & Stroock & Lavan ("the firm"), an interstate law firm having its principal office in New York, opened an office in Miami on or about April 1, 1977, and that respondent Savitt, a partner of the firm not admitted to the practice of law in Florida, was assigned to supervise the operation of the Miami office. It was further alleged that respondent Savitt, in the course of his supervisory activities, engaged in conduct which constituted the unauthorized practice of law in this state.
We issued a Rule to Show Cause on July 25, 1978, commanding respondents to answer why the requested injunction should not be entered against them. In the meantime, the parties conducted negotiations on the matter, resulting in an agreement which has now been submitted to us for approval. Upon consideration of the parties' Joint Motion and Stipulation of Settlement, it is hereby ordered that the following terms are adopted and approved for the resolution of this controversy:

*560 1. The following activities constitute the unauthorized practice of law and may not be carried out in Florida by Stroock & Stroock & Lavan, its partners and associates, and Richard S. Savitt and such firm and Richard S. Savitt are perpetually restrained and enjoined from:
(a) allowing any of its members, associates or employees who are not admitted to The Florida Bar to engage in any professional activities in Florida (other than those hereinafter set forth) subject to the following limitations: participation as co-counsel in litigation before state and federal courts in Florida only to the extent permitted by applicable rules of temporary admission; transitory professional activities "incidental" [See, e.g., Appell v. Reiner, 43 N.J. 313, 204 A.2d 146 (1964)] to essentially out-of-state transactions; and professional activities that constitute "coordinating-supervisory" activities in essentially multi-state transactions in which matters of Florida law are being handled by members of The Florida Bar [See, e.g., In re The Estate of Waring, 47 N.J. 367, 221 A.2d 193 (1966)];
(b) operating as an interstate law firm in the State of Florida unless it continues to remain a full, bona fide partnership that operates according to a partnership agreement which does not provide that profits and losses are shared among its members solely on the basis of the proportionate business either generated or handled by its Florida office;
(c) operating the Florida office without a partner or partners of the firm, each of whom is a member of The Florida Bar, assuming on a continuing basis responsibility for the supervision of the operations of the Florida office;
(d) allowing any of its members, associates or employees who are not members of The Florida Bar to exercise supervisory control over any associate operating on a permanent basis out of the Florida office who is a member of The Florida Bar with respect to matters essentially involving Florida law for persons residing in Florida or business enterprises having their principal place of business in Florida;
(e) allowing any applicant for admission to The Florida Bar in any way affiliated with the firm to operate in the Florida office on a permanent basis in any manner other than the traditional "law clerk" role under the direct supervision and control of a member of The Florida Bar; and
(f) engaging in such other professional activities and in such manner as may be prohibited hereafter by reason of any court decision, or rule or regulation of the Florida Supreme Court or custom or practice which may hereafter be promulgated or accepted by this Court in respect to the unauthorized practice of law in the State of Florida.
2. Pursuant to the foregoing provisions of this order, the above named firm and its members, associates or employees properly may conduct the following activities, which shall not constitute the unauthorized practice of law:
(a) communicate, consult and deal with the personnel in the Florida office in all respects, including discussion of, and advice upon, legal matters, preparation and review of legal documents, and any other act which may constitute the practice of law, so long as such activities merely constitute assistance to a member of The Florida Bar and, if the result of such activities is utilized, it is the product of, or is merged into the product of, a member of The Florida Bar for which the Florida Bar member takes professional responsibility;
(b) communicate with clients and others (including attorneys) provided it is initially and immediately confirmed in writing and at all times made clear to such clients and others, in a manner which avoids confusion, that the person (if not a member of The Florida Bar) so communicating is not a member of The Florida Bar and that such communication (if it deals with Florida law) is made either in the presence of, or with the written approval of, a member of The *561 Florida Bar who assumes professional responsibility for any such communication and retains the direct relationship with the client;
(c) give legal advice concerning a right or obligation governed by federal law, as permitted in Spanos v. Skouras Theatres Corp., 364 F.2d 161 (2d Cir.1966) cert. den. 385 U.S. 987 [87 S.Ct. 597, 17 L.Ed.2d 448] (1966); and provided that, if the lawyer giving the legal advice is not a member of The Florida Bar, the lawyer is in Florida on a transitory basis and it has initially been made clear to the client and immediately confirmed in writing that the lawyer is not a member of The Florida Bar;
(d) give legal advice in regard to matters related primarily to federal administrative agency practice, and provided that if the lawyer giving the legal advice is not a member of The Florida Bar, the lawyer is in Florida on a transitory basis and it has initially been made clear to the client and immediately confirmed in writing that the lawyer is not a member of The Florida Bar;
(e) give legal advice on the law of jurisdictions other than Florida to non-Florida clients in transactions with persons residing in Florida or with business enterprises having their principal place of business in Florida; provided that matters of Florida law, if any, are handled by members of The Florida Bar and provided that, if the lawyer giving the legal advice is not a member of The Florida Bar, the lawyer is in Florida on a transitory basis;
(f) engage in such other professional activities and in such manner as may be permitted, recognized or accepted hereafter by reason of any court decision, or rule or regulation of the Florida Supreme Court or custom or practice which may hereafter be promulgated or accepted by this Court in respect to the practice of law in the State of Florida.
3. In operating its Florida office, the above named firm and each of its attorneys will abide by the following:
(a) The Florida Code of Professional Responsibility;
(b) The firm may use its existing firm name in Florida although no lawyer in the firm name is a member of The Florida Bar [See, The Florida Bar, 330 So.2d 9 (Fla. 1976)];
(c) law lists and legal directories of the Florida office will list thereon only individual lawyers admitted to practice in Florida unless an express statement appears thereon indicating which lawyers are members of The Florida Bar or, in the alternative, those who are not members of The Florida Bar;
(d) professional announcements emanating solely from the Florida office will be made only as to matters involving members of The Florida Bar;
(e) letterheads used by the Florida office will list its partners admitted in Florida and may list its associates admitted in Florida; if names of non-Florida lawyers are listed, the letterhead must contain an express statement indicating those individual lawyers who are members of The Florida Bar, or, in the alternative, those who are not admitted to practice in Florida; no mention may be made, however, as to attorney membership in any bar association other than Florida; the Florida office letterhead may not include the name of a lawyer who is not admitted in Florida, even with disclosure of the non-admittance status, when the arrangement between the lawyer and the firm does not constitute a true interstate partnership;
(f) in any telephone directory published and used in Florida, the firm shall list only its lawyers who are admitted to practice in Florida;
(g) all correspondence from the Florida office which is on the stationery of the firm shall be signed by an individual who is either a member or associate of the firm admitted to The Florida Bar or, when otherwise proper, by an individual whose status is otherwise clearly indicated (e.g., "attorney not admitted in Florida," "legal assistant," "law clerk," or the like);

*562 (h) a professional card of a lawyer identifying him by name and as a lawyer, giving his address, may not contain a Florida address if he is not a member of The Florida Bar.
The firm and Richard S. Savitt have cooperated in seeking the determinations made herein.
No proceedings for contempt or violation of this decree shall be instituted by The Florida Bar unless the firm shall have been given five days' written notice by The Florida Bar of its intention to institute such proceedings.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and SUNDBERG, JJ., concur.