397 So.2d 1132 (1981)
THE FLORIDA BAR, Petitioner,
v.
Gerald KAISER, Respondent.
No. 58189.
Supreme Court of Florida.
April 30, 1981.
*1133 Leonard H. Gilbert, President, The Florida Bar, Tampa, John F. Harkness, Jr., Executive Director and Stanley A. Spring, Staff Counsel, Tallahassee, Ronald R. Richmond, Chairman, Standing Committee on Unauthorized Practice of Law, New Port Richey, and Bill Hoppe, Bar Counsel, Miami, for petitioner.
Jerome Bill Ullman, Miami, for respondent.
ENGLAND, Justice.
Kaiser has been charged by The Florida Bar with the unauthorized practice of law. A referee appointed by the Court has received evidence and heard testimony on the bar's complaint and has concluded that Kaiser is guilty of the misconduct with which he is charged. Kaiser asks us to review the referee's findings and his recommended punishment, and to vacate both.
Gerald Kaiser is a New York attorney who maintains an interstate law firm in several states, including an office in Miami, Florida. His practice is limited to immigration and naturalization matters. He is not a member of The Florida Bar, although a resident partner of the firm in the Miami office is a Florida attorney. Neither The Florida Bar nor the referee have suggested that Kaiser can or should be restricted in any way from practicing naturalization or immigration law in this state even though he is not a member of The Florida Bar, see Sperry v. The Florida Bar, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963), and nothing in this opinion should be construed as suggesting otherwise.
The unauthorized law practice with which Kaiser is charged is the advertisement in the Miami telephone books over the past two years, and on television and in newspapers, of his availability as an attorney  the implication being that he is authorized to practice law in Florida. Although presented with evidence that the placement of listings in the telephone books was the responsibility of the telephone company and not Kaiser's, the referee determined, nonetheless, that Kaiser was responsible for advertisements suggesting he is a Florida attorney, with no distinguishing limitations as to his membership in the New York bar or his limited area of practice. Accordingly, the referee found Kaiser guilty of the unauthorized practice of law, directed that he be enjoined from any form of advertising by newspaper, television or otherwise which would tend to mislead the public into believing that he was a member of The Florida Bar or authorized to practice in the state, and imposed on Kaiser the costs of the proceeding and a fine of $2,500.
Our review of the record leads us to conclude that the referee's findings of fact with respect to the unauthorized practice of law were justified. The record supports the referee's conclusion that Kaiser knew that his advertisements created the impression that he was authorized to practice in Florida on his own, and did not meet the requirements of our most recent pronouncement with respect to the interstate practice of law. See The Florida Bar v. Savitt, 363 So.2d 559 (Fla. 1978). Kaiser's statements to the referee that his advertisements would be changed and that his listings would be deleted were a commendable effort to undo the wrong which had been done, but they do not alter the fact that Kaiser had knowingly engaged in conduct expressly disapproved by this Court.
The referee's finding having been accepted, we necessarily agree with his recommendation that Kaiser be enjoined from any form of advertising by newspaper, television or otherwise that would tend to mislead the public into believing he was a *1134 member of The Florida Bar or authorized to practice law in this state. Our agreement with the referee's findings also compels our affirmance of the assessment of costs of this proceeding against Kaiser, in the amount of $894.62.
We are constrained to disagree with the $2,500 fine, however. Kaiser has agreed to take all steps necessary to comply with the injunction and to eliminate all misleading advertising. There is no reason to impose a financial penalty. Should this injunction be ignored or disregarded in any respect, however, financial or other penalties might then be appropriate.[*]
Accordingly, Kaiser is hereby enjoined from any advertising by newspaper, television or otherwise that would tend to mislead the public into believing he is a member of The Florida Bar or authorized to practice law in this state, and costs in the amount of $894.62 are assessed against him.
It is so ordered.
SUNDBERG, C.J., and ADKINS, ALDERMAN and McDONALD, JJ., concur.
NOTES
[*] The Florida Bar has characterized Kaiser as knowingly skating on thin ice; that is, to the very edge of legality. That characterization is borne out by the record. Mr. Kaiser would be well-advised to skate on thicker ice by moving his advertisements further from the defined border between permitted and prohibited conduct.