PER CURIAM.
Adoption Hot Line, Inc. appeals from an order of permanent injunction after the trial court determined that Adoption Hot Line was acting in the capacity of an intermediary as defined by Section 63.032(8), Florida Statutes (1979) and was an unlicensed child placing agency in violation of Chapter 63, Florida Statutes (1979).[1] The injunction provides:
That Adoption Hot Line, Inc. is permanently enjoined from, in any manner of advertising for parents for unborn children, for purposes of adoption or in any manner advertising or soliciting the offering of adoptive services until further Order of this Court.
We reverse on the grounds that this injunction is more extensive than is necessary to protect against any unlawful activity under Chapter 63, supra. We do not read Chapter 63 as prohibiting all unlicensed parties from referring children to licensed or authorized parties to place for adoption. Under the present injunction,[2] however, Adoption Hot Line is permanently enjoined from any form of advertising any referral service, even services consistent with Chapter 63, supra. In an absence of a showing that a more limited injunction would be ineffective to preserve the governmental interest expressed in Chapter 63, and to prevent misleading advertising, we *1309 find the complete suppression of Adoption Hot Line’s advertising an impermissible violation of the First Amendment to the United States Constitution and Article I, Section 4 of the Florida Constitution (1968). See, e. g., Central Hudson Gas & Electric Corp. v. Public Service Commission of New York, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). See also Metro-media, Inc. v. City of San Diego, - U.S. -, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981) (San Diego sign ordinance too broad); Linmark Associates, Inc. v. Township of Willingboro, 431 U.S. 85, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977) (commercial speech may be limited as to time, place, and manner); Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976) (advertising of drug prices is commercial speech protected by First Amendment). See also Aerosonic Corp. v. Trodyne Corp., 402 F.2d 223 (5th Cir. 1968) (under Florida law an injunction should never be broader than is necessary to secure the injured party without justice to the adversary); Pollgreen v. Morris, 496 F.Supp. 1042 (S.D.Fla.1980); Health Clubs, Inc. v. State ex rel. Eagan, 377 So.2d 28 (Fla. 5th DCA 1979) (injunction overbroad). Cf. The Florida Bar v. Kaiser, 397 So.2d 1132 (Fla.1981) (attorney enjoined from any form of advertising by newspaper, television, or otherwise that would tend to mislead the public into believing he was a member of the Florida Bar authorized to practice law in this state).
Reversed for proceedings consistent with this opinion.

. The essential facts of this case are set out in Adoption Hot Line, Inc. v. State, Department of Health and Rehabilitative Services, 385 So.2d 682 (Fla. 3d DCA 1980) where we upheld a temporary injunction issued against appellants.

. The order appealed from is, in fact, much broader than the statement of the trial judge at the close of proceedings below:
... [Tjhis Court enters its permanent injunction against Adoption Hot Line from any manner, any operation dealing with the placement of children or attempting to place children or running any ads or, in any manner, counseling expectant mothers or mothers with children or parents with children and attempting to find, suitable homes for them or to send them to attorneys of prospective adoptive parents, in any manner that would involve the operation that is usually and ordinarily limited to licensed child placing agencies, responsible attorneys and responsible physicians, (emphasis added)
We note, however, that unless the words “usually and ordinarily” were changed to “legally,” this statement would also be too extensive.