EHRLICH, Justice.
We accepted jurisdiction to review National Adoption Counseling Service, Inc. v. State, Department of Health and Rehabilitative Services, 480 So.2d 250 (Fla. 4th DCA 1985), because of asserted conflict with Adoption Hot Line, Inc. v. State, Department of Health and Rehabilitative Services ex rel. Rothman, 385 So.2d 682 (Fla. 3d DCA 1980), and Adoption Hot Line, Inc. v. State, Department of Health and Rehabilitative Services, 402 So.2d 1307 (Fla. 3d DCA 1981). Art. V, § 3(b)(3), Fla. Const. However, upon closer examination it has become apparent that review was improvidently granted, as there is no direct and express conflict of decisions as required by article V, section 3(b)(3) of the Florida Constitution.
Although the instant decision and both Adoption Hot Line decisions involved attempts by the Department of Health and Rehabilitative Services to enjoin alleged “unlicensed child-placing agencies” from engaging in further placement or referral activity in violation of Chapter 63, Florida Statutes, the Adoption Hot Line cases were decided on the merits.* Whereas, the reversal below was based on the district court’s holding that “HRS had no standing [under Chapters 63 and 381, Florida Statutes] to maintain this suit for injunction.” 480 So.2d at 253. While HRS concedes that standing was not an issue before the Third District Court in the Adoption Hot Line cases, it argues that the “inferential” or “implied” conflict inherent in the decisions supports this Court’s jurisdiction.
All the cases relied on by HRS for this “implied” conflict argument were decided prior to the 1980 amendment to article V, section 3(b)(3) of the Florida Constitution. As we recently noted in Reaves v. State, 485 So.2d 829, 830, (Fla.1986), “[conflict between decisions must be express and direct, i.e., it must appear within the four corners of the majority decision.” In other words, inherent or so called “implied” conflict may no longer serve as a basis for this Court’s jurisdiction.
Accordingly, the petition for review is dismissed.
It is so ordered.
McDonald, C.J., and SHAW and BARKETT, JJ., concur.
ADKINS, J., dissents.
BOYD, J., dissents with an opinion, in which OVERTON, J., concurs.

 In Adoption Hot Line I a temporary injunction was upheld because the "record compiled ... in the cause supported] the trial court’s action in granting the temporary injunction.” 385 So.2d at 684. In Adoption Hot Line II the trial court’s order granting a permanent injunction was reversed "on the grounds that [the] injunction [was] more extensive than [was] necessary to protect against any unlawful activity under Chapter 63.” 402 So.2d at 1308. The issue of standing to enjoin activities in violation of Chapter 63 was never addressed by the Third District Court.