**In re Anonymous No. 87 D.B. 92**

Disciplinary Board Docket no. 87 D.B. 92.

*Hearing Committee,* July 13, 1993—

## I. STATEMENT OF THE CASE

Respondent is charged with violating Pennsylvania Disciplinary Rule 3-101(B), which states that a lawyer should not practice law in a jurisdiction where to do so would be in violation of the regulations of the profession in that jurisdiction. Respondent practiced law in Florida without being a member of the Florida Bar and without the permission of a Florida court. By order dated November 22, 1989, the Supreme Court of Florida accepted a report by a referee that respondent had engaged in the unauthorized practice of law in Florida and permanently enjoined him from representing to anyone that he was a member

of the Florida Bar and further enjoined respondent from practicing as an attorney in the State of Florida. Respondent contends that the Florida Supreme Court incorrectly interpreted its rules as to the appearance of foreign attorneys in Florida courts, and that this proceeding is barred by the principles of double jeopardy and laches.

## II. DISCUSSION

It is uncontroverted that (1) respondent filed a petition for bankruptcy in the Florida federal courts (N.T. 47, 71-72), (2) respondent filed an answer and affirmative defenses on behalf of [A], [B] et al. in case no. [    ] in the Circuit Court of the Eleventh Judicial Circuit in and for [    ] County Florida (N.T. 32-33, 76-77), and (3) respondent interviewed prospective clients in Florida and advised such persons that he was an attorney. (N.T. 61.)

Respondent does not dispute that these acts constituted the practice of law in Florida. However, respondent disputes whether his actions in Florida were actually in violation of Florida's rule on foreign attorneys. Respondent contends that under the rule existing in Florida at the time, any attorney admitted to practice anywhere could come into Florida and do those things commonly associated with the practice of law without first obtaining permission of the Florida courts, up to the date of actual trial or appellate argument. Thus, respondent interprets the rule to allow him to file petitions, answers and conduct pre-trial procedures without needing the permission of the Florida courts. (Exhibit P-5, respondent's answer to the petition for discipline, paragraphs 4(a), 5(d).)

Respondent has argued that Rule 2.060 of the Judicial Administration Rules of Florida is the only restriction on his "right" to practice in Florida while not a member of the Florida Bar. However, in referring to Rule 2.060(b), respondent overlooks that provision of the Rule which states, "Attorneys of other states shall not do a general practice unless they are members of the Florida Bar in good standing."

In 1955, the Supreme Court of Florida promulgated its "integration" rule. Article 2, section 2 of the Florida Supreme Court's integration rule provides:

"No person shall engage *in any way* in the practice of law in this state unless such person is an active member of the Florida Bar in good standing, except that a practicing attorney of another state in good standing who has professional business in a court of record of this state may, upon motion, be permitted to practice for the purpose of such business upon such conditions as the court deems appropriate under the circumstances of the case." (emphasis added)

Respondent ignores the plain meaning of this rule as well as the cases decided in Florida under the rule. See e.g., *The Florida Bar v. Sperry,* 140 So.2d 587 (1962), *The Florida Bar v. Kaiser,* 397 So.2d 1132 (1981), and *The Florida Bar v. Lucille E. Moran,* 273 So.2d 390 (1973).

Pennsylvania Disciplinary Rule 3-101(B) provides:

"A lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction."

Plainly, this rule means that when a Pennsylvania lawyer goes into another state, he or she must comply with the

rules and regulations of that state. The rules and regulations of that state include the interpretations and applications of those rules as made by the highest court in that state. Respondent's interpretation of Florida's rules is contradicted by the *Sperry* case in 1962, the *Moran* case in 1973, and the *Kaiser* case in 1981 and his own case culminated in a decree of the Florida Supreme Court in November 1989.

## III. FINDINGS OF FACT

The committee makes the following findings of facts:

(1) Respondent has engaged in actions and conduct constituting the practice of law in the State of Florida during the period May 17, 1983 through the year 1986.

(2) Such acts and conduct included interviewing prospective clients and advising such persons that he was an attorney without contemporaneously advising them that he had no authority to practice in the courts of Florida. (N.T. 61.)

(3) Respondent filed petitions on behalf of persons seeking to be adjudicated bankrupt in the United States Bankruptcy Courts situated in Florida. (N.T. 71-72.)

(4) Respondent filed answers and affirmative defenses on behalf of defendants in the state courts of general jurisdiction in the State of Florida. (N.T. 61.)

(5) After petition, answer and a hearing, the Supreme Court of Florida by its order dated November 22, 1989, found that respondent had engaged in acts and conduct constituting the practice of law while he had neither authority nor permission under Florida's rules or by its courts to do so and enjoined him from doing such acts as would

constitute the practice of law within the State of Florida thereafter.

## IV. CONCLUSIONS OF LAW

The committee makes the following conclusions of law:

(1) The acts and conduct of respondent in Florida as described in the foregoing findings of fact constitute the unauthorized practice of law according to the rules and regulations of the State of Florida.

(2) Respondent violated D.R. 3-101(B) by practicing law in the State of Florida in violation of the regulations of that jurisdiction.

## V. APPROPRIATE DISCIPLINE

It does not appear that anyone was injured by respondent's conduct. Moreover, the acts complained of occurred some time ago and there is no contention that respondent has violated the injunction of November 1989 or has continued to attempt to practice law in Florida beyond that date. Also, despite respondent's involvement in cases in other jurisdictions, no other complaints either in Pennsylvania or from any other jurisdiction regarding his conduct have been brought to the committee's attention. Accordingly, it is recommended that respondent receive an informal admonition for his violation of D.R. 3-101(B).

## VI. CONCLUSION

The uncontradicted facts establish that respondent violated the Florida rule against the unauthorized practice of law. By doing so, respondent violated Pennsylvania Rule of Disciplinary Enforcement 3-101(B). Respondent should receive an informal admonition.

## ORDER

And now August 27, 1993. upon consideration of the report and recommendation of Hearing Committee [   ] filed July 13, 1993; it is hereby ordered that the said [respondent] formerly of [   ] be subjected to an informal admonition by disciplinary counsel as provided in Rule 204(a)(6) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by the respondent.