In the Matter of Divina K. WESTERFIELD.

No. 29S00–0207–DI–409.

Supreme Court of Indiana.

Feb. 10, 2004.

## ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** A client hired the respondent to represent her in a dissolution. The final decree failed to apportion pension benefits to the satisfaction of the client. The client advised the respondent to appeal the decision and the respondent filed a notice of appeal and praecipe for transcript. Due to inappropriate wording in the decree, the pension administrator refused to accept the decree. The respondent filed a motion with the trial court that issued the decree to correct the decree, which the court granted, thereupon awarding the client $1,076 per month from her former spouse's pension. The respondent failed to advise her client of the respondent's decision not to proceed with formal appeal of the decree. The respondent subsequently failed to advise the client of the appeal's later dismissal. During the representation, the respondent failed to comply with the client's requests for information about her case or her requests for return of case file materials to which she was entitled which she needed to prosecute a subsequent

bankruptcy. In mitigation, the parties agree that the respondent was out of her office for a period time for hand and back surgery during prosecution of her client's dissolution. As another factor in mitigation, the parties state that the respondent is closing her Indiana law practice.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.2(a), which provides that a lawyer shall abide by a client's objectives concerning a representation and consult with the client as to the means by which they are to be pursued; Prof.Cond.R. 1.4(a), which requires lawyers to keep clients reasonably informed about the status of their legal matters; Prof.Cond.R. 1.4(b), which requires lawyers to explain matters to clients to the extent reasonably necessary to permit the clients to make informed decisions regarding the representation; and Prof.Cond.R. 1.16(d), which requires that lawyers, upon termination of representation, take steps to the extent reasonably practicable to protect a client's interests, including surrendering papers and property to which the client is entitled.

**Discipline:** Public reprimand

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer, Linda E. Brown, and all parties as directed by Admis.Disc.R. 23(3)(d).

All Justices concur.