[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15142

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 12, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-23178-CV-FAM

MORRIS RONALD GOULD,
a.k.a. Ronald Gould,

Plaintiff-Appellant,

versus

FLORIDA BAR,
JOHN F. HARKNESS, JR.,
Executive Director, Florida Bar,
JACQUELYN P. NEEDELMAN,
Florida Bar Counsel,
BARBARA PARIENTE,
Chief Justice of the Supreme Court of Florida,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 12, 2007)

Before ANDERSON and PRYOR, Circuit Judges, and ALBRITTON,* District Judge.

PER CURIAM:

Morris Ronald Gould, an attorney licensed in New York but not in Florida, appeals pro se the summary judgment entered in favor of the Florida Bar; John F. Harkness Jr., Executive Director of the Florida Bar; Jacquelyn Plasner Needelman, counsel for the Florida Bar; and Barbara J. Pariente, Chief Justice of the Supreme Court of Florida, and against Gould's complaint for declaratory and injunctive relief based on his "genuine and credible fear" that he would be charged with unauthorized practice of law in violation of his First Amendment right to freedom of speech if he advertised his legal services in Florida. Because Gould's proposed advertisements concern unlawful activity or are misleading, the Florida Bar is entitled to regulate the proposed speech. We affirm.

We review a summary judgment de novo and draw all reasonable inferences in favor of the non-moving party. Boim v. Fulton County Sch. Dist., 494 F.3d 978, 982 (11th Cir. 2007). Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

---

*Honorable W. Harold Albritton, III, United States District Judge for the Middle District of Alabama, sitting by designation.

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

This appeal requires us to address the regulation of two proposed advertisements for the provision of legal services within the State of Florida by an individual not licensed to practice law in the State of Florida. One advertisement relates to the provision of legal services for "NEW YORK LEGAL MATTERS ONLY"; the second advertisement relates to the provision of legal services in the area of "FEDERAL ADMINISTRATIVE LAW." Attorney advertising is commercial speech, which enjoys "a measure of First Amendment protection." Florida Bar v. Went For It, Inc., 515 U.S. 618, 623, 115 S. Ct. 2371, 2375 (1995). Commercial speech that is misleading or concerns unlawful activity, however, is not protected by the First Amendment and may be freely regulated by the government. Cent. Hudson Gas & Elec. Corp. v. Public Serv. Comm' of N.Y., 447 U.S. 557, 563-64, 115 S. Ct. 2343, 2350-51 (1980).

We first address Gould's challenge to the regulation of his proposed advertisement for the provision of legal services relating to New York legal matters from his Florida office. Gould complains that he has a credible fear of prosecution for publishing the following advertisement:

NEW YORK LEGAL MATTERS ONLY
M. RONALD GOULD LICENSED NEW YORK

The Florida Bar responds that the proposed advertisement concerns unlawful activity.

We agree with the Florida Bar. Under Florida law, it is unlawful for "[a]ny person not licensed or otherwise authorized to practice law in [Florida]" to practice law within the State of Florida. Fla. Stat. § 454.23 (2004). Gould, who is not admitted to the Florida Bar, does not have the authority to practice New York law in Florida. See Fla. Stat., R. Regulating the Fla. Bar 4-5.5(b); Florida Bar v. Rapoport, 845 So. 2d 874, 877 (Fla. 2003); Chandris, S.A. v. Yanakakis, 668 So. 2d 180, 184 (Fla. 1995); Florida Bar v. Savitt, 363 So. 2d 559 (Fla. 1978). Because the proposed advertisement concerns unlawful activity, the Florida Bar is entitled to regulate the advertisement. See Cent. Hudson, 447 U.S. at 563–64, 100 S. Ct. at 2350.

We next address Gould's challenge to the regulation of his proposed advertisement for legal services "LIMITED TO FEDERAL ADMINISTRATIVE LAW." Gould complains that he has a credible fear of prosecution for publishing the following advertisement:

PRACTICE LIMITED TO FEDERAL ADMINISTRATIVE LAW
CALL M. RONALD GOULD LICENSED NEW YORK

4

The Florida Bar responds that this advertisement also concerns unlawful activity.

Gould argues that he is entitled to practice "federal administrative law" in Florida because a federal statute that amended the Administrative Procedure Act, 5 U.S.C. § 500(b), pre-empts any contrary regulation of the Florida Bar. Section 500(b) provides,

> An individual who is a member in good standing of the bar of the highest court of a State may represent a person before an agency on filing with the agency a written declaration that he is currently qualified as provided by this subsection and is authorized to represent the particular person in whose behalf he acts.

5 U.S.C. § 500(b). Gould contends that Florida cannot forbid him, as "a member in good standing of the bar of the highest court of a State," from representing a person before a federal agency. See Sperry v. Florida, 373 U.S. 379, 384–385, 83 S. Ct. 1332, 1325–26 (1963); see also Augustine v. Dept. of Veterans Affairs, 429 F.3d 1334, 1339–40 (Fed. Cir. 2005) (state without authority to require attorney practicing before a federal agency to first obtain a state bar license).

The Florida Bar responds that it is unlawful for Gould, who is not licensed to practice law in Florida, to engage in a general "federal administrative practice" in Florida and that, under Central Hudson, the Florida Bar is entitled to regulate an

5

advertisement for those services because the advertisement concerns unlawful activity. The words "federal administrative law" apply to a broad range of legal issues, and are not limited to the representation of persons before federal agencies. Issues of federal administrative law arise in state and federal courts, as well as before federal agencies.

We again agree with the Florida Bar. The proposed advertisement for a "practice limited to federal administrative law" is misleading and relates, at least in part, to unlawful conduct. Gould's proposed speech is not protected by the First Amendment and is subject to regulation by the Florida Bar.

The summary judgment in favor of the Florida Bar is

**AFFIRMED.**