RESPONDENT PRO SE
Divina K. Westerfield
Indianapolis, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Angie Ordway, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court



**FILED**
Dec 06 2016, 9:14 am
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 49S00-1505-DI-321

IN THE MATTER OF:

DIVINA K. WESTERFIELD,

*Respondent.*

Attorney Discipline Action
Hearing Officer Gary L. Miller

**December 6, 2016**

**Per Curiam.**

We find that Respondent, Divina K. Westerfield, committed attorney misconduct by improperly soliciting employment, failing to refund unearned fees, and engaging in the unauthorized practice of law in Florida. For this misconduct, we conclude that Respondent should be suspended for at least eighteen months without automatic reinstatement.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." Respondent's 1984 admission to this state's bar subjects her to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

**Procedural Background and Facts**

The Commission filed a four-count "Verified Complaint for Disciplinary Action" against Respondent on May 21, 2015. Following a hearing, the hearing officer filed his report on September 28, 2016. No petition for review of the hearing officer's report or brief on sanction has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000).

Count 1. During relevant times, Respondent was admitted to practice law in Indiana. However, she was not licensed to practice law in Florida, where the conduct at issue occurred. In 2011, Respondent began associating herself with a non-lawyer marketing representative named Wayne Tope, who advertised quiet title actions as a strategy for homeowners to gain leverage against mortgage holders and/or to obtain "free and clear title" of a house. On behalf of Respondent, Tope signed up several homeowners for legal representation by Respondent. Through Tope, those homeowners executed flat fee contracts for legal representation and paid the entire fee up front by providing Tope with a series of post-dated monthly installment checks payable to Respondent, which Respondent deposited into an IOLTA account that she alone controlled.

For several months, Respondent was the only attorney associated with her law firm, which was located in Indianapolis. In February 2012, Respondent registered her firm as a limited liability company with the Florida Secretary of State, and thereafter Respondent entered into a series of successive partnership agreements with various attorneys licensed in Florida, under which Respondent would retain 90% of profits from fees billed to Florida clients and the partner would retain 10% of profits from those fees.[1] None of those partnership agreements complied with the dictates of Florida law governing the operation of an interstate law firm. *See* Florida Bar v. Savitt, 363 So.2d 559 (Fla. 1978). Respondent also hired a suspended Florida

---

[1] In one of these agreements, this profit split was made applicable to both Florida and Indiana clients. However, during relevant times the firm had no Indiana clients.

attorney to work as a paralegal. Each of these successive partners left the firm in short order after having performed little or no work.

In November 2012, Respondent notified her clients she was closing the Florida office of her firm and that, for the clients who had paid a flat fee, she would pay another attorney to perform the work. However, about two months later, that attorney decided to discontinue work on the cases referred to him by Respondent.

Counts 2 through 4. Each of these counts addresses substantially similar facts involving three different clients. In each case, the client (who did not have a prior relationship with Respondent or Tope) met Tope through a seminar or similar event. With Tope's facilitation, each client signed a flat fee representation agreement with Respondent's firm and provided Tope a series of post-dated installment checks. Thereafter, Respondent's firm did little or no work for the clients and never pursued a quiet title action or loan reduction as promised. In each case, the client eventually sought a refund of unearned fees. In two cases, Respondent issued no refund, and in the third case she made only a partial refund.

The Commission charged Respondent with violating various Florida Rules of Professional Conduct, for which Respondent is subject to discipline by this Court pursuant to Indiana Professional Conduct Rule 8.5.[2] The hearing officer concluded that Respondent violated the rules as charged and recommended that Respondent be suspended for at least eighteen months without automatic reinstatement.

## Discussion

We concur in the hearing officer's findings of fact and conclude that Respondent violated these Florida Professional Conduct Rules prohibiting the following misconduct:

---

[2] Rule 8.5(a) provides in relevant part that a "lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, regardless of where the lawyer's conduct occurs." As applicable here, Rule 8.5(b) provides that the rules of professional conduct to be applied shall be "the rules of the jurisdiction in which the lawyer's conduct occurred, or, if the predominant effect of the conduct is in a different jurisdiction, the rules of that jurisdiction shall be applied to the conduct."

4-1.5(a): Charging and collecting a fee generated by employment obtained through prohibited solicitation.

4-1.16(d): Failing to refund an unearned fee.

4-5.5(a): Engaging in the unauthorized practice of law.

4-5.5(b)(1): Establishing an office for the practice of law in Florida despite not being licensed to practice in Florida.

4-7.18(a)(1): Improperly soliciting, either directly or through an agent, employment from a person with whom the lawyer has no prior relationship when a significant motive is the lawyer's pecuniary gain.

Turning to the issue of appropriate sanction, we first observe that Respondent has a lengthy disciplinary history. Respondent received a private administrative admonition in 1996 and a public reprimand in 2004. *See* Matter of Westerfield, 802 N.E.2d 926 (Ind. 2004). Later in 2004, Respondent was suspended for failure to cooperate with a disciplinary investigation, and in 2005 Respondent's suspension was converted to an indefinite suspension without automatic reinstatement due to her continued noncooperation. Matter of Westerfield, 828 N.E.2d 1287 (Ind. 2005). We granted Respondent's petition for reinstatement in 2009 after Respondent finally supplied the Commission with a response to the grievance being investigated. *See* Matter of Westerfield, 911 N.E.2d 570 (Ind. 2009).

We also note several other aggravating factors found by the hearing officer. During her testimony in this matter Respondent was "disingenuous and evasive" about her relationship with Tope and attempted to distance herself from his actions despite ample evidence Tope was soliciting and signing up clients for legal representation at her behest. Further, in addition to the flat fees Respondent charged her clients, Respondent's representation agreements also provided that the client would owe Respondent a 50% contingency fee of any reduction in mortgage principal, to be secured with a lien against the property. Finally, Respondent has not acknowledged any wrongdoing and described these disciplinary proceedings in her testimony as a "witch hunt."

Given the seriousness of the misconduct and the substantial facts in aggravation, we agree with the hearing officer's recommendation and conclude that Respondent should be suspended for at least eighteen months, after which she may be reinstated only after proving her remorse, rehabilitation, and fitness to practice law.

**Conclusion**

For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of at least eighteen months, without automatic reinstatement, effective January 3, 2017. Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

All Justices concur, except David, J., who dissents regarding the sanction, believing that more severe discipline is warranted.