# Supreme Court of Florida

_____

No. SC2025-1173

_____

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR – RULE 4-8.6.**

December 18, 2025

PER CURIAM.

The Florida Bar has filed a petition proposing amendments to Rule Regulating The Florida Bar 4-8.6 (Authorized Business Entities).[1] The proposed amendments were approved by the Board of Governors of The Florida Bar, and, consistent with rule 1-12.1(g), the Bar published formal notice of its intent to file the petition in *The Florida Bar News*. The notice directed interested parties to file comments directly with the Court. No comments were received.

We amend rule 4-8.6 as proposed by the Bar with minor modification. In subdivision (a), "not-for-profit authorized business entities" are added as a type of authorized business entity in which

_____

1. We have jurisdiction. *See* art. V, § 15, Fla. Const.; *see also* R. Regulating Fla. Bar 1-12.1.

lawyers may practice. Additionally, subdivision (c) is retitled and reorganized, and language is added to new subdivisions (c)(1) and (c)(2) to clarify that subject to an exception for nonlawyer board members "as authorized by rule 4-5.4(f)," nonlawyers may not serve in certain positions, have certain titles, or perform policy-making functions. New subdivision (c)(3) clarifies that only a person legally qualified to render legal services in Florida may direct the legal services or professional judgment of a lawyer engaged in the practice of law in Florida.

Accordingly, the Rules Regulating The Florida Bar are amended as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments become effective February 16, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Rosalyn Sia Baker-Barnes, President, Michael Fox Orr, President-elect, Joshua E. Doyle, Executive Director, Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, and Kelly N. Smith, Senior Attorney, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 4-8.6.   AUTHORIZED BUSINESS ENTITIES

**(a)   Authorized Business Entities.** Lawyers may practice law in the form of professional service corporations, professional limited liability companies, sole proprietorships, general partnerships, or limited liability partnerships organized or qualified under applicable law, or not-for-profit authorized business entities as defined elsewhere in these rules.  SuchThese forms of practice are authorized business entities under these rules.

**(b)   [No Change]**

**(c)   Qualifications of Managers, Directors and Officers. No person may serve as a partner, manager, director or executive officer of an authorized business entity that is engaged in the practice of law in Florida unless such person is legally qualified to render legal services in this state.  For purposes of this rule the term "executive officer" includes the president, vice-president, or any other officer who performs a policy-making function.**

**(c)   Titles and Management of Authorized Business Entities.**

(1)   Only a person legally qualified to render legal services in Florida or as authorized by rule 4-5.4(f) or a person licensed to practice law in another jurisdiction acting through a bona fide interstate law firm, may serve as a partner, member, shareholder, president, or equity owner, or perform any policy-making function, in an authorized business entity that is engaged in the practice of law in Florida.

(2)   Only a person legally qualified to render legal services in Florida or as authorized by rule 4-5.4(f) may serve as an officer, director, vice-president, or any similar title that implies control over the policies or management of an authorized business entity unless any mention of the person's title includes a clear and conspicuous statement of the jurisdiction(s) where the person is licensed or that the person is not licensed in Florida.

(3)   Only a person legally qualified to render legal services in Florida may direct the legal services or professional judgment of a lawyer engaged in the practice of law in Florida.

**(d)**   **Violation of Statute or Rule.** A lawyer is subject to disciplinary action if that lawyer violates or sanctions the violation of the authorized business entity statutes or the Rules Regulating The Florida Bar~~who,~~ while acting as a shareholder, member, officer, director, partner, proprietor, manager, agent, or employee of ~~an~~that authorized business entity ~~and~~that is engaged in the practice of law in Florida~~, violates or sanctions the violation of the authorized business entity statutes or the Rules Regulating The Florida Bar will be subject to disciplinary action~~.

**(e)**   **Disqualification of Shareholder, Member, Proprietor, or Partner; Severance of Financial Interests.** Whenever a shareholder of a professional service corporation, a member of a professional limited liability company, proprietor, or partner in a limited liability partnership becomes legally disqualified to render legal services in this state, ~~said~~that shareholder, member, proprietor, or partner immediately must sever all employment with and financial interests in ~~such~~the authorized business entity ~~immediately~~.  For purposes of this rule the term "legally disqualified" does not include suspension from the practice of law for a period of time less than 91 days.  Severance of employment and financial interests required by this rule will not preclude the shareholder, member, proprietor, or partner from receiving compensation based on legal fees generated for legal services performed during the time when the shareholder, member, proprietor, or partner was legally qualified to render legal services in this state.  This provision will not prohibit employment of a legally disqualified shareholder, member, proprietor, or partner in a position that does not render legal service nor payment to an existing profit sharing or pension plan to the extent permitted in rules 3-6.1 and 4-5.4(a)(3), or as required by applicable law.

**(f)**  **Cessation of Legal Services.** Whenever all shareholders of a professional service corporation, or all members of a professional limited liability company, the proprietor of a solo practice, or all partners in a limited liability partnership become legally disqualified

to render legal services in this state, the authorized business entity must cease ~~the rendition of~~<u>rendering</u> legal services in Florida.

**(g)** **Application of Statutory Provisions.** Unless otherwise provided in this rule, each shareholder, member, proprietor, or partner of an authorized business entity will possess all rights and benefits and will be subject to all duties applicable to ~~such~~<u>that</u> shareholder, member, proprietor, or partner provided by the statutes ~~pursuant to~~<u>under</u> which the authorized business entity was organized or qualified.

## Comment

In 1961, this court recognized the authority of the legislature to enact statutory provisions creating corporations, particularly professional service corporations. But this court also noted that "[e]nabling action by this Court is therefore an essential condition precedent to authorize members of The Florida Bar to qualify under and engage in the practice of their profession pursuant to The 1961 Act." *In Re The Florida Bar*, 133 So. 2d 554, at 555 (Fla. 1961).

The same is true today, whatever the form of business entity created by legislative enactment. Hence, this rule is adopted to continue ~~authorization for~~<u>authorizing</u> members of the bar to practice law in the form of a professional service corporation, a professional limited liability company, or a limited liability partnership. This rule also permits a member of the bar to practice law as a sole proprietor or as a member of a general partnership. These types of entities are collectively referred to as authorized business entities.

**Limitation on rendering legal services**

[No Change]

**Employment by and financial interests in an authorized business entity**

This rule and the statute require termination of employment of a shareholder, member, proprietor, or partner when ~~same~~<u>that person</u> is "legally disqualified" to render legal services. The purpose

- 6 -

of this provision is to prohibit compensation based on fees for legal services rendered at a time when the shareholder, member, proprietor, or partner cannot render the same type of services. Continued engagement in capacities other than rendering legal services with the same or similar compensation would allow circumvention of prohibitions of sharing legal fees with one not qualified to render legal services. Other rules prohibit the sharing of legal fees with nonlawyers, and this rule continues ~~the application of~~to apply that type of prohibition. However, nothing in this rule or the statute prohibits payment to the disqualified shareholder, member, proprietor, or partner for legal services rendered while the shareholder, member, proprietor, or partner was qualified to render ~~same~~those legal services, even though payment for the legal services is not received until the shareholder, member, proprietor, or partner is legally disqualified.

Similarly, this rule and the statute require the severance of "financial interests" of a legally disqualified shareholder, member, proprietor, or partner. The same reasons apply to severance of financial interests as those that apply to severance of employment. Other provisions of these rules proscribe limits on employment and the types of duties that a legally disqualified shareholder, member, proprietor, or partner may be assigned.

Practical application of the statute and this rule to the requirements of the practice of law mandates exclusion of short term, temporary removal of qualifications to render legal services. Hence, any suspension of less than 91 days, including membership fees delinquency suspensions, is excluded from the definition of the term. These are temporary impediments to the practice of law ~~are such that~~resulting in automatic reinstatement to the practice of law with the passage of time or the completion of ministerial acts~~, the member of the bar is automatically qualified to render legal services~~. Severe tax consequences would result from forced severance and subsequent reestablishment (~~upon~~on reinstatement of qualifications) of all financial interests in these instances.

However, ~~the exclusion of such~~excluding these suspensions from the definition of the term does not authorize the payment to the disqualified shareholder, member, proprietor, or partner of

- 7 -

compensation based on fees for legal services rendered during the time when the shareholder, member, proprietor, or partner is not personally qualified to render ~~such~~the services.  Continuing the employment of a legally disqualified shareholder, member, proprietor, or partner during the term of a suspension of less than 91 days requires the authorized business entity to take steps to avoid the practice of law by the legally disqualified shareholder, member, proprietor, or partner, the ability of the legally disqualified shareholder, member, proprietor, or partner to control the actions of members of the bar qualified to render legal services, and payment of compensation to the legally disqualified shareholder, member, proprietor, or partner based on legal services rendered while the legally disqualified shareholder, member, proprietor, or partner is not qualified to render them.  Mere characterization of continued compensation, which is the same or similar to that the legally disqualified shareholder, member, proprietor, or partner received when qualified to render legal services, is not sufficient to satisfy the requirements of this rule.

**Profit sharing or pension plans**

To the extent that applicable law requires continued payment to existing profit sharing or pension plans, nothing in this rule or the statute may abridge ~~such~~those payments.  However, if permitted under applicable law, the amount paid to the plan for a legally disqualified shareholder, member, proprietor, or partner will not include payments based on legal services rendered while the legally disqualified shareholder, member, proprietor, or partner was not qualified to render legal services.

**Interstate practice**

This rule permits members of The Florida Bar to engage in the practice of law with lawyers licensed to practice elsewhere in an authorized business entity organized under the laws of another jurisdiction and qualified under the laws of Florida (or vice-versa), but nothing in this rule is intended to affect the ability of non-members of The Florida Bar to practice law in Florida.  See, e.g., *The Florida Bar v. Savitt,* 363 So. 2d 559 (Fla. 1978).

The terms qualified and legally disqualified are imported from the Professional Service Corporation Act (Chapter 621, Florida Statutes).