CANADY, J.,
dissenting.
Although The Florida Bar has made a commendable effort to improve the current lawyer advertising rules, I am persuaded that the proposed rules remain unduly restrictive. I therefore would reject *616 the proposed rules and direct that the Bar propose revised rules that go further to address concerns related to the protection of First Amendment rights and of prospective clients’ interest in having unimpeded access to information that they consider useful.
I am particularly concerned about the impact of the application of the advertising rules to lawyer websites and the restrictions concerning “unduly manipulative or intrusive advertisements.” I also disagree with the rule provisions condemning certain uses of titles by former government officials as deceptive or inherently misleading.
Accordingly, I dissent.
APPENDIX
4-7 INFORMATION ABOUT LEGAL SERVICES
[Delete all existing rules in Subchap-ter 4-7. Add the following new rules to the subchapter.]
RULE 4-7.11 APPLICATION OF RULES
(a) Type of Media. Unless otherwise indicated, this subchapter applies to all forms of communication in any print or electronic forum, including but not limited to newspapers, magazines, brochures, flyers, television, radio, direct mail, electronic mail, and Internet, including banners, pop-ups, websites, social networking, and video sharing media. The terms “advertising” and “advertisement” as used in chapter 4-7 refer to all forms of communication seeking legal employment, both written and spoken.
(b) Lawyers. This subchapter applies to lawyers, whether or not admitted to practice in Florida or other jurisdictions, who advertise that the lawyer provides legal services in Florida or who target advertisements for legal employment at Florida residents. The term “lawyer” as used in subchapter 4-7 includes 1 or more lawyers or a law firm. This rule does not permit the unlicensed practice of law or advertising that the lawyer provides legal services that the lawyer is not authorized to provide in Florida.
(c)Referral Sources. This subchapter applies to communications made to referral sources about legal services.
Comment
Websites
Websites are subject to the general lawyer advertising requirements in this sub-chapter and are treated the same as other advertising media. Websites of multistate firms present specific regulatory concerns. Subchapter 4-7 applies to portions of a multistate firm that directly relate to the provision of legal services by a member of the firm who is a member of The Florida Bar. Additionally, subchapter 4-7 applies to portions of a multistate firm’s website that relate to the provision of legal services in Florida, e.g., where a multistate firm has offices in Florida and discusses the provision of legal services in those Florida offices. Subchapter 4-7 does not apply to portions of a multistate firm’s website that relate to the provision of legal services by lawyers who are not admitted to The Florida Bar and who do not provide legal services in Florida. Subchapter 4-7 does not apply to portions of a multistate firm’s website that relate to the provision of legal services in jurisdictions other than Florida.
Lawyers Admitted in Other Jurisdictions
Subchapter 4-7 does not apply to any advertisement broadcast or disseminated in another jurisdiction in which a Florida Bar member is admitted to practice if the advertisement complies with the rules gov *617 erning lawyer advertising in that jurisdiction and is not broadcast or disseminated within the state of Florida or targeted at Florida residents. Subchapter 4-7 does not apply to such advertisements appearing in national media if the disclaimer “cases not accepted in Florida” is plainly noted in the advertisement. Subchapter 4-7 also does not apply to a website advertisement that does not offer the services of a Florida Bar member, a lawyer located in Florida, or a lawyer offering to provide legal services in Florida.
Subchapter 4-7 applies to advertisements by lawyers admitted to practice law in jurisdictions other than Florida who have established a regular and/or permanent presence in Florida for the practice of law as authorized by other law and who solicit or advertise for legal employment in Florida or who target solicitations or advertisements for legal employment at Florida residents.
For example, in the areas of immigration, patent, and tax, a lawyer from another jurisdiction may establish a regular or permanent presence in Florida to practice only that specific federal practice as authorized by federal law. Such a lawyer must comply with this subchapter for all advertisements disseminated in Florida or that target Florida residents for legal employment. Such a lawyer must include in all advertisements that the lawyer is “Not a Member of The Florida Bar” or “Admitted in [jurisdiction where admitted] Only” or the lawyer’s limited area of practice, such as “practice limited to [area of practice] law.” See Fla. Bar v. Kaiser, 397 So.2d 1132 (Fla.1981).
A lawyer from another jurisdiction is not authorized to establish a regular or permanent presence in Florida to practice law in an area in which that lawyer is not authorized to practice or to advertise for legal services the lawyer is not authorized to provide in Florida. For example, although a lawyer from another state may petition a court to permit admission pro hac vice on a specific Florida case, no law authorizes a pro hac vice practice on a general or permanent basis in the state of Florida. A lawyer cannot advertise for Florida cases within the state of Florida or target advertisements to Florida residents, because such an advertisement in and of itself constitutes the unlicensed practice of law.
A lawyer from another jurisdiction may be authorized to provide Florida residents legal services in another jurisdiction. For example, if a class action suit is pending in another state, a lawyer from another jurisdiction may represent Florida residents in the litigation. Any such advertisements disseminated within the state of Florida or targeting Florida residents must comply with this subchapter.
RULE 4-7.12 REQUIRED CONTENT
(a) Name and Office Location. All advertisements for legal employment must include:
(1) the name of at least 1 lawyer, the law firm, the lawyer referral service if the advertisement is for the lawyer referral service, or the lawyer directory if the advertisement is for the lawyer directory, responsible for the content of the advertisement; and
(2) the city, town, or county of 1 or more bona fide office locations of the lawyer who will perform the services advertised.
(b) Referrals. If the case or matter will be referred to another lawyer or law firm, the advertisement must include a statement to such effect.
(c) Languages Used in Advertising. Any words or statements required by this subchapter to appear in an advertisement must appear in the same language in *618 which the advertisement appears. If more than 1 language is used in an advertisement, any words or statements required by this subchapter must appear in each language used in the advertisement.
(d) Legibility. Any information required by these rules to appear in an advertisement must be reasonably prominent and clearly legible if written, or intelligible if spoken.
Comment
Name of Lawyer or Lawyer Referral Service
All advertisements are required to contain the name of at least 1 lawyer who is responsible for the content of the advertisement. For purposes of this rule, including the name of the law firm is sufficient. A lawyer referral service or lawyer directory must include its actual legal name or a registered fictitious name in all advertisements in order to comply with this requirement.
Geographic Location
For the purposes of this rule, a bona fide office is defined as a physical location maintained by the lawyer or law firm where the lawyer or law firm reasonably expects to furnish legal services in a substantial way on a regular and continuing basis.
An office in which there is little or no full-time staff, the lawyer is not present on a regular and continuing basis, and where a substantial portion of the necessary legal services will not be provided, is not a bona fide office for purposes of this rule. An advertisement cannot state or imply that a lawyer has offices in a location where the lawyer has no bona fide office. However, an advertisement may state that a lawyer is “available for consultation” or “available by appointment” or has a “satellite” office at a location where the lawyer does not have a bona fide office, if the statement is true.
Referrals to Other Lawyers
If the advertising lawyer knows at the time the advertisement is disseminated that the lawyer intends to refer some cases generated from an advertisement to another lawyer, the advertisement must state that fact. An example of an appropriate disclaimer is as follows: “Your case may be referred to another lawyer.”
Language of Advertisement
Any information required by these rules to appear in an advertisement must appear in all languages used in the advertisement. If a specific disclaimer is required in order to avoid the advertisement misleading the viewer, the disclaimer must be made in the same language that the statement requiring the disclaimer appears.
RULE 4-7.13 DECEPTIVE AND INHERENTLY MISLEADING ADVERTISEMENTS
A lawyer may not engage in deceptive or inherently misleading advertising.
(a) Deceptive and Inherently Misleading Advertisements. An advertisement is deceptive or inherently misleading if it:
(1) contains a material statement that is factually or legally inaccurate;
(2) omits information that is necessary to prevent the information supplied from being misleading; or
(3) implies the existence of a material nonexistent fact.
(b) Examples of Deceptive and Inherently Misleading Advertisements. Deceptive or inherently misleading advertisements include, but are not limited to advertisements that contain:
(1) statements or information that can reasonably be interpreted by a prospective client as a prediction or guaranty of success or specific results;
*619 (2) references to past results unless such information is objectively verifiable, subject to rule 4-7.14;
(3) comparisons of lawyers or statements, words or phrases that characterize a lawyer’s or law firm’s skills, experience, reputation or record, unless such characterization is objectively verifiable;
(4) references to areas of practice in which the lawyer or law firm does not practice or intend to practice at the time of the advertisement;
(5) a voice or image that creates the erroneous impression that the person speaking or shown is the advertising lawyer or a lawyer or employee of the advertising firm. The following notice, prominently displayed would resolve the erroneous impression: “Not an employee or member of law firm”;
(6) a dramatization of an actual or fictitious event unless the dramatization contains the following prominently displayed notice: “DRAMATIZATION. NOT AN ACTUAL EVENT.” When an advertisement includes an actor purporting to be engaged in a particular profession or occupation, the advertisement must include the following prominently displayed notice: “ACTOR. NOT ACTUAL [....]”;
(7) statements, trade names, telephone numbers, Internet addresses, images, sounds, videos or dramatizations that state or imply that the lawyer will engage in conduct or tactics that are prohibited by the Rules of Professional Conduct or any law or court rule;
(8) a testimonial:
(A) regarding matters on which the person making the testimonial is unqualified to evaluate;
(B) that is not the actual experience of the person making the testimonial;
(C) that is not representative of what clients of that lawyer or law firm generally experience;
(D) that has been written or drafted by the lawyer;
(E) in exchange for which the person making the testimonial has been given something of value; or
(F) that does not include the disclaimer that the prospective client may not obtain the same or similar results;
(9) a statement or implication that The Florida Bar has approved an advertisement or a lawyer, except a statement that the lawyer is licensed to practice in Florida or has been certified pursuant to chapter 6, Rules Regulating the Florida Bar; or
(10) a judicial, executive, or legislative branch title, unless accompanied by clear modifiers and placed subsequent to the person’s name, in reference to a current, former or retired judicial, executive, or legislative branch official currently engaged in the practice of law. For example, a former judge may not state “Judge Doe (retired)” or “Judge Doe, former circuit judge.” She may state “Jane Doe, Florida Bar member, former circuit judge” or “Jane Doe, retired circuit judge.... ”
Comment
Material Omissions
An example of a material omission is stating “over 20 years’ experience” when the experience is the combined experience of all lawyers in the advertising firm. Another example is a lawyer who states “over 20 years’ experience” when the lawyer includes within that experience time spent as a paralegal, investigator, police officer, or other nonlawyer position.
*620 Implied Existence of Nonexistent Fact
An example of the implied existence of a nonexistent fact is an advertisement stating that a lawyer has offices in multiple states if the lawyer is not licensed in those states or is not authorized to practice law. Such a statement implies the nonexistent fact that a lawyer is licensed or is authorized to practice law in the states where offices are located.
Another example of the implied existence of a nonexistent fact is a statement in an advertisement that a lawyer is a founding member of a legal organization when the lawyer has just begun practicing law. Such a statement falsely implies that the lawyer has been practicing law longer than the lawyer actually has.
Predictions of Success
Statements that promise a specific result or predict success in a legal matter are prohibited because they are misleading. Examples of statements that impermissi-bly predict success include: “I will save your home,” “I can save your home,” “I will get you money for your injuries,” and “Come to me to get acquitted of the charges pending against you.”
Statements regarding the legal process as opposed to a specific result generally will be considered permissible. For example, a statement that the lawyer or law firm will protect the client’s rights, protect the client’s assets, or protect the client’s family do not promise a specific legal result in a particular matter. Similarly, a statement that a lawyer will prepare a client to effectively handle cross-examination is permissible, because it does not promise a specific result, but describes the legal process.
Aspirational statements are generally permissible as such statements describe goals that a lawyer or law firm will try to meet. Examples of aspirational words include “goal,” “strive,” “dedicated,” “mission,” and “philosophy.” For example, the statement, “My goal is to achieve the best possible result in your case,” is permissible. Similarly, the statement, “If you’ve been injured through no fault of your own, I am dedicated to recovering damages on your behalf,” is permissible.
Modifying language can be used to prevent language from running afoul of this rule. For example, the statement, “I will get you acquitted of the pending charges,” would violate the rule as it promises a specific legal result. In contrast, the statement, “I will pursue an acquittal of your pending charges,” does not promise a specific legal result. It merely conveys that the lawyer will try to obtain an acquittal on behalf of the prospective client. The following list is a nonexclusive list of words that generally may be used to modify language to prevent violations of the rule: try, pursue, may, seek, might, could, and designed to.
General statements describing a particular law or area of law are not promises of specific legal results or predictions of success. For example, the following statement is a description of the law and is not a promise of a specific legal result: “When the government takes your property through its eminent domain power, the government must provide you with compensation for your property.”
Past Results
The prohibitions in subdivisions (b)(1) and (b)(2) of this rule preclude advertisements about results obtained on behalf of a client, such as the amount of a damage award or the lawyer’s record in obtaining favorable verdicts, if the results are not objectively verifiable or are misleading, either alone or in the context in which they are used. For example, an advertised result that is atypical of persons un *621 der similar circumstances is likely to be misleading. A result that omits pertinent information, such as failing to disclose that a specific judgment was uncontested or obtained by default, or failing to disclose that the judgment is far short of the client’s actual damages, is also misleading. Such information may create the unjustified expectation that similar results can be obtained for others without reference to the specific factual and legal circumstances. An example of a past result that can be objectively verified is that a lawyer has obtained acquittals in all charges in 4 criminal defense eases. On the other hand, general statements such as, “I have successfully represented clients,” or “I have won numerous appellate cases,” may or may not be sufficiently objectively verifiable. For example, a lawyer may interpret the words “successful” or “won” in a manner different from the average prospective client. In a criminal law context, the lawyer may interpret the word “successful” to mean a conviction to a lesser charge or a lower sentence than recommended by the prosecutor, while the average prospective client likely would interpret the words “successful” or “won” to mean an acquittal.
Rule 4-1.6(a), Rules Regulating the Florida Bar, prohibits a lawyer from voluntarily disclosing any information regarding a representation without a client’s informed consent, unless one of the exceptions to rule 4-1.6 applies. A lawyer who wishes to advertise information about past results must have the affected client’s informed consent. The fact that some or all of the information a lawyer may wish to advertise is in the public record does not obviate the need for the client’s informed consent.
Comparisons
The prohibition against comparisons that cannot be factually substantiated would preclude a lawyer from representing that the lawyer or the lawyer’s law firm is “the best,” or “one of the best,” in a field of law.
On the other hand, statements that the law firm is the largest in a specified geographic area, or is the only firm in a specified geographic area that devotes its services to a particular field of practice are permissible if they are true, because they are comparisons capable of being factually substantiated.
Characterization of Skills, Experience, Reputation or Record
The rule prohibits statements that characterize skills, experience, reputation, or record that are not objectively verifiable. Statements of a character trait or attribute are not statements that characterize skills, experience, or record. For example, a statement that a lawyer is aggressive, intelligent, creative, honest, or trustworthy is a statement of a lawyer’s personal attribute, but does not characterize the lawyer’s skills, experience, reputation, or record. Such statements are permissible.
Descriptive statements characterizing skills, experience, reputation, or a record that are true and factually verified are permissible. For example, the statement “Our firm is the largest firm in this city that practices exclusively personal injury law,” is permissible if true, because the statement is objectively verifiable. Similarly, the statement, “I have personally handled more appeals before the First District Court of Appeal than any other lawyer in my circuit,” is permissible if the statement is true, because the statement is objectively verifiable.
Descriptive statements that are misleading are prohibited by this rule. Descrip *622 tive statements such as “the best,” “second to none,” or “the finest” will generally run afoul of this rule, as such statements are not objectively verifiable and are likely to mislead prospective clients as to the quality of the legal services offered.
Aspirational statements are generally permissible as such statements describe goals that a lawyer or law firm will try to meet. Examples of aspirational words include “goal,” “dedicated,” “mission,” and “philosophy.” For example, the statement, “I am dedicated to excellence in my representation of my clients,” is permissible as a goal. Similarly, the statement, “My goal is to provide high quality legal services,” is permissible.
Areas of Practice
This rule is not intended to prohibit lawyers from advertising for areas of practice in which the lawyer intends to personally handle cases, but does not yet have any cases of that particular type. Dramatizations
A re-creation or staging of an event must contain a prominently displayed disclaimer, “DRAMATIZATION. NOT AN ACTUAL EVENT.” For example, a recreation of a car accident must contain the disclaimer. A re-enactment of lawyers visiting the re-construction of an accident scene must contain the disclaimer.
If an actor is used in an advertisement purporting to be engaged in a particular profession or occupation who is acting as a spokesperson for the lawyer or in any other circumstances where the viewer could be misled, a disclaimer must be used. However, an authority figure such as a judge or law enforcement officer, or an actor portraying an authority figure, may not be used in an advertisement to endorse or recommend a lawyer, or to act as a spokesperson for a lawyer under Rule 4-7.15.
Implying Lawyer Will Violate Rules of Conduct or Law
Advertisements which state or imply that the advertising lawyers will engage in conduct that violates the Rules of Professional Conduct are prohibited. The Supreme Court of Florida found that lawyer advertisements containing an illustration of a pit bull canine and the telephone number 1-800-pitbull were false, misleading, and manipulative, because use of that animal implied that the advertising lawyers would engage in “combative and vicious tactics” that would violate the Rules of Professional Conduct. Fla. Bar v. Pape, 918 So.2d 240 (Fla.2005).
Testimonials
A testimonial is a personal statement, affirmation, or endorsement by any person other than the advertising lawyer or a member of the advertising lawyer’s firm regarding the quality of the lawyer’s services or the results obtained through the representation. Clients as consumers are well-qualified to opine on matters such as courtesy, promptness, efficiency, and professional demeanor. Testimonials by clients on these matters, as long as they are truthful and are based on the actual experience of the person giving the testimonial, are beneficial to prospective clients and are permissible.
Florida Bar Approval of Ad or Lawyer
An advertisement may not state or imply that either the advertisement or the lawyer has been approved by The Florida Bar. Such a statement or implication implies that The Florida Bar endorses a particular lawyer. Statements prohibited by this provision include, “This advertisement was approved by The Florida Bar.” A lawyer referral service also may not state that it is a “Florida Bar approved lawyer refer *623 ral service,” unless the service is a not-for-profit lawyer referral service approved under chapter 8 of the Rules Regulating the Florida Bar.
Judicial, Executive, and Legislative Titles
This rule prohibits use of a judicial, executive, or legislative branch title, unless accompanied by clear modifiers and placed subsequent to the person’s name, when used to refer to a current or former officer of the judicial, executive, or legislative branch. Use of a title before a name is inherently misleading in that it implies that the current or former officer has improper influence. Thus, the titles Senator Doe, Representative Smith, Former Justice Doe, Retired Judge Smith, Governor (Retired) Doe, Former Senator Smith, and other similar titles used as titles in conjunction with the lawyer’s name are prohibited by this rule. This includes, but is not limited to, use of the title in advertisements and written communications, computer-accessed communications, letterhead, and business cards.
However, an accurate representation of one’s judicial, executive, or legislative experience is permitted if the reference is subsequent to the lawyer’s name and is clearly modified by terms such as “former” or “retired.” For example, a former judge may state “Jane Doe, Florida Bar member, former circuit judge” or “Jane Doe, retired circuit judge.”
As another example, a former state representative may not include “Representative Smith (former)” or “Representative Smith, retired” in an advertisement, letterhead, or business card. However, a former representative may state, “John Smith, Florida Bar member, former state representative.”
Further, an accurate representation of one’s judicial, executive, or legislative experience is permitted in reference to background and experience in biographies, curriculum vitae, and resumes if accompanied by clear modifiers and placed subsequent to the person’s name, For example, the statement “John Jones was governor of the State of Florida from [... years of service ...]” would be permissible.
Also, the rule governs attorney advertising. It does not apply to pleadings filed in a court. A practicing attorney who is a former or retired judge shall not use the title in any form in a court pleading. If a former or retired judge uses her previous title in a pleading, she could be sanctioned.
RULE 4-7.14 POTENTIALLY MISLEADING ADVERTISEMENTS
A lawyer may not engage in potentially misleading advertising.
(a) Potentially Misleading Advertisements. Potentially misleading advertisements include, but are not limited to:
(1) advertisements that are subject to varying reasonable interpretations, 1 or more of which would be materially misleading when considered in the relevant context;
(2) advertisements that are literally accurate, but could reasonably mislead a prospective client regarding a material fact;
(3) references to a lawyer’s membership in, or recognition by, an entity that purports to base such membership or recognition on a lawyer’s ability or skill, unless the entity conferring such membership or recognition is generally recognized within the legal profession as being a bona fide organization that makes its selections based upon objective and uniformly applied criteria, and that includes among its members or those recognized a reasonable cross-sec *624 tion of the legal community the entity purports to cover;
(4) a statement that a lawyer is board certified, a specialist, an expert, or other variations of those terms unless:
(A) the lawyer has been certified under the Florida Certification Plan as set forth in chapter 6, Rules Regulating the Florida Bar and the advertisement includes the area of certification and that The Florida Bar is the certifying organization;
(B) the lawyer has been certified by an organization whose specialty certification program has been accredited by the American Bar Association or The Florida Bar as provided elsewhere in these rules. A lawyer certified by a specialty certification program accredited by the American Bar Association but not The Florida Bar must include the statement “Not Certified as a Specialist by The Florida Bar” in reference to the specialization or certification. All such advertisements must include the area of certification and the name of the certifying organization; or
(C) the lawyer has been certified by another state bar if the state bar program grants certification on the basis of standards reasonably comparable to the standards of the Florida Certification Plan set forth in chapter 6 of these rules and the advertisement includes the area of certification and the name of the certifying organization.
In the absence of such certification, a lawyer may communicate the fact that the lawyer limits his or her practice to 1 or more fields of law; or
(5) information about the lawyer’s fee, including those that indicate no fee will be charged in the absence of a recovery, unless the advertisement discloses all fees and expenses for which the client might be liable and any other material information relating to the fee. A lawyer who advertises a specific fee or range of fees for a particular service must honor the advertised fee or range of fees for at least 90 days unless the advertisement specifies a shorter period; provided that, for advertisements in the yellow pages of telephone directories or other media not published more frequently than annually, the advertised fee or range of fees must be honored for no less than 1 year following publication.
(b) Clarifying Information. A lawyer may use an advertisement that would otherwise be potentially misleading if the advertisement contains information or statements that adequately clarify the potentially misleading issue.
Comment
Awards, Honors, and Ratings
Awards, honors and ratings are not subjective statements characterizing a lawyer’s skills, experience, reputation or record. Instead, they are statements of objectively verifiable facts from which an inference of quality may be drawn. It is therefore permissible under the rule for a lawyer to list bona fide awards, honors and recognitions using the name or title of the actual award and the date it was given. If the award was given in the same year that the advertisement is disseminated or the advertisement references a rating that is current at the time the advertisement is disseminated, the year of the award or rating is not required.
For example, the following statements are permissible:
“John Doe is AV rated by Martindale-Hubbell. This rating is Martindale-Hubbell’s highest rating.”
*625 “Jane Smith was named a 2008 Florida Super Lawyer by Super Lawyers Magazine.”
Claims of Board Certification, Specialization or Expertise
This rule permits a lawyer or law firm to indicate areas of practice in communications about the lawyer’s or law firm’s services, provided the advertising lawyer or law firm actually practices in those areas of law at the time the advertisement is disseminated. If a lawyer practices only in certain fields, or will not accept matters except in such fields, the lawyer is permitted to indicate that. A lawyer who is not certified by The Florida Bar, by another state bar with comparable standards, or an organization accredited by the American Bar Association or The Florida Bar may not be described to the public as a “specialist,” “specializing,” “certified,” “board certified,” being an “expert,” having “expertise,” or any variation of similar import. A lawyer may indicate that the lawyer concentrates in, focuses on, or limits the lawyer’s practice to particular areas of practice as long as the statements are true.
Certification is specific to individual lawyers; a law firm cannot be certified, and cannot claim specialization or expertise in an area of practice per subdivision (c) of rule 6-3.4. Therefore, an advertisement may not state that a law firm is certified, has expertise in, or specializes in any area of practice.
A lawyer can only state or imply that the lawyer is “certified,” a “specialist,” or an “expert” in the actual area(s) of practice in which the lawyer is certified. A lawyer who is board certified in civil trial law, may so state that, but may not state that the lawyer is certified, an expert in, or specializes in personal injury. Similarly, a lawyer who .is board certified in marital and family law may not state that the lawyer specializes in divorce.
Fee and Cost Information
Every advertisement that contains information about the lawyer’s fee, including a contingent fee, must disclose all fees and costs that the client will be liable for. If the client is, in fact, not responsible for any costs in addition to the fee, then no disclosure is necessary. For example, if a lawyer charges a flat fee to create and execute a will and there are no costs associated with the services, the lawyer’s advertisement may state only the flat fee for that service.
However, if there are costs for which the client is responsible, the advertisement must disclose this fact. For example, if fees are contingent on the outcome of the matter, but the client is responsible for costs regardless of the matter’s outcome, the following statements are permissible: “No Fee if No Recovery, but Client is Responsible for Costs,” “No Fee if No Recovery, Excludes Costs,” “No Recovery, No Fee, but Client is Responsible for Costs” and other similar statements.
On the other hand, if both fees and costs are contingent on the outcome of a personal injury case, the statements “No Fees or Costs If No Recovery” and “No Recovery-No Fees or Costs” are permissible.
RULE 4-7.15 UNDULY MANIPULATIVE OR INTRUSIVE ADVERTISEMENTS
A lawyer may not engage in unduly manipulative or intrusive advertisements. An advertisement is unduly manipulative if it:
(a) uses an image, sound, video or dramatization in a manner that is designed to solicit legal employment by appealing to a prospective client’s emotions rather than *626 to a rational evaluation of a lawyer’s suitability to represent the prospective client;
(b) uses an authority figure such as a judge or law enforcement officer, or an actor portraying an authority figure, to endorse or recommend the lawyer or act as a spokesperson for the lawyer;
(c) contains the voice or image of a celebrity, except that a lawyer may use the voice or image of a local announcer, disc jockey or radio personality who regularly records advertisements so long as the person recording the announcement does not endorse or offer a testimonial on behalf of the advertising lawyer or law firm; or
(d) offers consumers an economic incentive to employ the lawyer or review the lawyer’s advertising; provided that this rule does not prohibit a lawyer from offering a discounted fee or special fee or cost structure as otherwise permitted by these rules and does not prohibit the lawyer from offering free legal advice or information that might indirectly benefit a consumer economically.
Comment
Unduly Manipulative Sounds and Images
Illustrations that are informational and not misleading are permissible. As examples, a graphic rendering of the scales of justice to indicate that the advertising lawyer practices law, a picture of the lawyer, or a map of the office location are permissible illustrations.
An illustration that provides specific information that is directly related to a particular type of legal claim is permissible. For example, a photograph of an actual medication to illustrate that the medication has been linked to adverse side effects is permissible. An x-ray of a lung that has been damaged by asbestos would also be permissible. A picture or video that illustrates the nature of a particular claim or practice, such as a person on crutches or in jail, is permissible.
An illustration or photograph of a car that has been in an accident would be permissible to indicate that the lawyer handles car accident cases. Similarly, an illustration or photograph of a construction site would be permissible to show either that the lawyer handles construction law matters or workers’ compensation matters. An illustration or photograph of a house with a foreclosure sale sign is permissible to indicate that the lawyer handles foreclosure matters. An illustration or photograph of a person with a stack of bills to indicate that the lawyer handles bankruptcy is also permissible. An illustration or photograph of a person being arrested, a person in jail, or an accurate rendering of a traffic stop also is permissible. An illustration, photograph, or portrayal of a bulldozer to indicate that the lawyer handles eminent domain matters is permissible. Illustrations, photographs, or scenes of doctors examining x-rays are permissible to show that a lawyer handles medical malpractice or medical products liability cases. An image, dramatization, or sound of a car accident actually occurring would also be permissible, as long as it is not unduly manipulative.
Although some illustrations are permissible, an advertisement that contains an image, sound or dramatization that is unduly manipulative is not. For example, a dramatization or illustration of a car accident occurring in which graphic injuries are displayed is not permissible. A depiction of a child being taken from a crying mother is not permissible because it seeks to evoke an emotional response and is unrelated to conveying useful information to the prospective client regarding hiring a lawyer. Likewise, a dramatization of an *627 insurance adjuster persuading an accident victim to sign a settlement is unduly manipulative, because it is likely to convince a viewer to hire the advertiser solely on the basis of the manipulative advertisement.
Some illustrations are used to seek attention so that viewers will receive the advertiser’s message. So long as those illustrations, images, or dramatizations are not unduly manipulative, they are permissible, even if they do not directly relate to the selection of a particular lawyer.
Use of Celebrities
A lawyer or law firm advertisement may not contain the voice or image of a celebrity. A celebrity is an individual who is known to the target audience and whose voice or image is recognizable to the intended audience. A person can be a celebrity on a regional or local level, not just a national level. Local announcers or disc jockeys and radio personalities are regularly used to record advertisements. Use of a local announcer or disc jockey or a radio personality to record an advertisement is permissible under this rule as long as the person recording the announcement does not endorse or offer a testimonial on behalf of the advertising lawyer or law firm.
RULE 4-7.16 PRESUMPTIVELY VALID CONTENT
The following information in advertisements is presumed not to violate the provisions of rules 4-7.11 through 4-7.15:
(a) Lawyers and Law Firms. A lawyer or law firm may include the following information in advertisements and unsolicited written communications:
(1)the name of the lawyer or law firm subject to the requirements of this rule and rule 4-7.21, a listing of lawyers associated with the firm, office locations and parking arrangements, disability accommodations, telephone numbers, website addresses, and electronic mail addresses, office and telephone service hours, and a designation such as “attorney” or “law firm”;
(2) date of admission to The Florida Bar and any other bars, current membership or positions held in The Florida Bar or its sections or committees or those of other state bars, former membership or positions held in The Florida Bar or its sections or committees with dates of membership or those of other state bars, former positions of employment held in the legal profession with dates the positions were held, years of experience practicing law, number of lawyers in the advertising law firm, and a listing of federal courts and jurisdictions other than Florida where the lawyer is licensed to practice;
(3) technical and professional licenses granted by the state or other recognized licensing authorities and educational degrees received, including dates and institutions;
(4) military service, including branch and dates of service;
(5) foreign language ability;
(6) fields of law in which the lawyer practices, including official certification logos, subject to the requirements of subdivision (a)(4) of rule 4-7.14 regarding use of terms such as certified, specialist, and expert;
(7) prepaid or group legal service plans in which the lawyer participates;
(8) acceptance of credit cards;
(9) fee for initial consultation and fee schedule, subject to the requirements of subdivisions (a)(5) of rule 4-7.14 regarding cost disclosures and honoring advertised fees;
(10) common salutary language such as “best wishes,” “good luck,” “happy *628 holidays,” “pleased to announce,” or “proudly serving your community”;
(11) punctuation marks and common typographical marks;
(12) an illustration of the scales of justice not deceptively similar to official certification logos or The Florida Bar logo, a gavel, traditional renditions of Lady Justice, the Statue of Liberty, the American flag, the American eagle, the State of Florida flag, an unadorned set of law books, the inside or outside of a courthouse, eolumn(s), diploma(s), or a photograph of the lawyer or lawyers who are members of, or employed by, the firm against a plain background such as a plain unadorned office or a plain unadorned set of law books.
(b) Lawyer Referral Services. A lawyer referral service may advertise its name, location, telephone number, the referral fee charged, its hours of operation, the process by which referrals are made, the areas of law in which referrals are offered, the geographic area in which the lawyers practice to whom those responding to the advertisement will be referred. A lawyer referral service approved by The Florida Bar under chapter 8 of the Rules Regulating the Florida Bar may advertise the logo of its sponsoring bar association and its nonprofit status.
Comment
The presumptively valid content creates a safe harbor for lawyers. A lawyer desiring a safe harbor from discipline may choose to limit the content of an advertisement to the information listed in this rule and, if the information is true, the advertisement complies with these rules. However, a lawyer is not required to limit the information in an advertisement to the presumptively valid content, as long as all information in the advertisement complies with these rules.
RULE 4-7.17 PAYMENT FOR ADVERTISING AND PROMOTION
(a) Payment by Other Lawyers. No lawyer may, directly or indirectly, pay all or a part of the cost of an advertisement by a lawyer not in the same firm. Rule 4-1.5(f)(4)(D) (regarding the division of contingency fees) is not affected by this provision even though the lawyer covered by subdivision (f)(4)(D)(ii) of rule 4-1.5 advertises.
(b) Payment for Referrals. A lawyer may not give anything of value to a person for recommending the lawyer’s sendees, except that a lawyer may pay the reasonable cost of advertising permitted by these rules, may pay the usual charges of a lawyer referral service, lawyer directory or other legal service organization, and may purchase a law practice in accordance with rule 4-1.17.
(c) Payment by Nonlawyers. A lawyer may not permit a nonlawyer to pay all or a part of the cost of an advertisement by that lawyer.
Comment
Paying for the Advertisements of Another Lawyer
A lawyer is not permitted to pay for the advertisements of another lawyer not in the same firm. This rule is not intended to prohibit more than 1 law firm from advertising jointly, but the advertisement must contain all required information as to each advertising law firm.
Paying Others for Recommendations
A lawyer is allowed to pay for advertising permitted by this rule and for the purchase of a law practice in accordance with the provisions of rule 4-1.17, but otherwise is not permitted to pay or provide other tangible benefits to another person for procuring professional work. However, a legal aid agency or prepaid legal services plan may pay to advertise legal *629 services provided under its auspices. Likewise, a lawyer may participate in lawyer referral programs or lawyer directories and pay the usual fees charged by such programs, subject, however, to the limitations imposed by rules 4-7.22 and 4-7.23. This rule does not prohibit paying regular compensation to an assistant, such as a secretary or advertising consultant, to prepare communications permitted by this rule.
RULE 4-7.18 DIRECT CONTACT WITH PROSPECTIVE CLIENTS
(a) Solicitation. Except as provided in subdivision (b) of this rule, a lawyer may not:
(1) solicit, or permit employees or agents of the lawyer to solicit on the lawyer’s behalf, professional employment from a prospective client with whom the lawyer has no family or prior professional relationship, in person or otherwise, when a significant motive for the lawyer’s doing so is the lawyer’s pecuniary gain. The term “solicit” includes contact in person, by telephone, telegraph, or facsimile, or by other communication directed to a specific recipient and includes any written form of communication, including any electronic mail communication, directed to a specific recipient and not meeting the requirements of subdivision (b) of this rule and rules 4-7.11 through 4-7.17 of these rules.
(2) enter into an agreement for, charge, or collect a fee for professional employment obtained in violation of this rule.
(b) Written Communication.
(1) A lawyer may not send, or knowingly permit to be sent, on the lawyer’s behalf or on behalf of the lawyer’s firm or partner, an associate, or any other lawyer affiliated with the lawyer or the lawyer’s firm, a written communication directly or indirectly to a prospective client for the purpose of obtaining professional employment if:
(A) the written communication concerns an action for personal injury or wrongful death or otherwise relates to an accident or disaster involving the person to whom the communication is addressed or a relative of that person, unless the accident or disaster occurred more than 30 days prior to the mailing of the communication;
(B) the written communication concerns a specific matter and the lawyer knows or reasonably should know that the person to whom the communication is directed is represented by a lawyer in the matter;
(C) it has been made known to the lawyer that the person does not want to receive such communications from the lawyer;
(D) the communication involves coercion, duress, fraud, overreaching, harassment, intimidation, or undue influence;
(E) the communication violates rules 4-7.11 through 4-7.17 of these rules;
(F) the lawyer knows or reasonably should know that the physical, emotional, or mental state of the person makes it unlikely that the person would exercise reasonable judgment in employing a lawyer; or
(G) the communication concerns a request for an injunction for protection against any form of physical violence and is addressed to the respondent in the injunction petition, if the lawyer knows or reasonably should know that the respondent named in the injunction petition has not yet *630 been served with notice of process in the matter.
(2) Written communications to prospective clients for the purpose of obtaining professional employment that are not prohibited by subdivision (b)(1) are subject to the following requirements:
(A) Such communications are subject to the requirements of 4-7.11 through 4-7.17 of these rules.
(B) Each page of such communication and the face of an envelope containing the communication must be reasonably prominently marked “advertisement” in ink that contrasts with both the background it is printed on and other text appearing on the same page. If the written communication is in the form of a self-mailing brochure or pamphlet, the “advertisement” mark must be reasonably prominently marked on the address panel of the brochure or pamphlet and on each panel of the inside of the brochure or pamphlet. If the written communication is sent via electronic mail, the subject line must begin with the word “Advertisement.” Brochures solicited by clients or prospective clients need not contain the “advertisement” mark.
(C) Every written communication must be accompanied by a written statement detailing the background, training and experience of the lawyer or law firm. This statement must include information about the specific experience of the advertising lawyer or law firm in the area or areas of law for which professional employment is sought. Every written communication disseminated by a lawyer referral service must be accompanied by a written statement detailing the background, training, and experience of each lawyer to whom the recipient may be referred.
(D) If a contract for representation is mailed with the written communication, the top of each page of the contract must be marked “SAMPLE” in red ink in a type size one size larger than the largest type used in the contract and the words “DO NOT SIGN” must appear on the client signature line.
(E) The first sentence of any written communication prompted by a specific occurrence involving or affecting the intended recipient of the communication or a family member must be: “If you have already retained a lawyer for this matter, please disregard this letter.”
(F) Written communications must not be made to resemble legal pleadings or other legal documents.
(G) If a lawyer other than the lawyer whose name or signature appears on the communication will actually handle the case or matter, or if the case or matter will be referred to another lawyer or law firm, any written communication concerning a specific matter must include a statement so advising the client.
(H) Any written communication prompted by a specific occurrence involving or affecting the intended recipient of the communication or a family member must disclose how the lawyer obtained the information prompting the communication. The disclosure required by this rule must be specific enough to enable the recipient to understand the extent of the lawyer’s knowledge regarding the recipient’s particular situation.
(I) A written communication seeking employment by a specific prospec *631 tive client in a specific matter shall not reveal on the envelope, or on the outside of a self-mailing brochure or pamphlet, the nature of the client’s legal problem.
(3) The requirements in subdivision (b)(2) of this rule do not apply to communications between lawyers, between lawyers and their own current and former clients, or between lawyers and their own family members.
Comment
Prior Professional Relationship
Persons with whom the lawyer has a prior professional relationship are exempted from the general prohibition against direct, in-person solicitation. A prior professional relationship requires that the lawyer personally had a direct and continuing relationship with the person in the lawyer’s capacity as a professional. Thus, a lawyer with a continuing relationship as the patient of a doctor, for example, does not have the professional relationship contemplated by the rule because the lawyer is not involved in the relationship in the lawyer’s professional capacity. Similarly, a lawyer who is a member of a charitable organization totally unrelated to the practice of law and who has a direct personal relationship with another member of that organization does not fall within the definition.
On the other, hand, a lawyer who is the legal advisor to a charitable board and who has direct, continuing relationships with members of that board does have prior professional relationships with those board members as contemplated by the rule. Additionally, a lawyer who has a direct, continuing relationship with another professional where both are members of a trade organization related to both the lawyer’s and the nonlawyer’s practices would also fall within the definition. A lawyer’s relationship with a doctor because of the doctor’s role as an expert witness is another example of a prior professional relationship as provided in the rule.
A lawyer who merely shared a membership in an organization in common with another person without any direct, personal contact would not have a prior professional relationship for purposes of this rule. Similarly, a lawyer who speaks at a seminar does not develop a professional relationship within the meaning of the rule with seminar attendees merely by virtue of being a speaker.
Disclosing Where the Lawyer Obtained Information
In addition, the lawyer or law firm should reveal the source of information used to determine that the recipient has a potential legal problem. Disclosure of the information source will help the recipient to understand the extent of knowledge the lawyer or law firm has regarding the recipient’s particular situation and will avoid misleading the recipient into believing that the lawyer has particularized knowledge about the recipient’s matter if the lawyer does not. The lawyer or law firm must disclose sufficient information or explanation to allow the recipient to locate the information that prompted the communication from the lawyer.
Alternatively, the direct mail advertisement would comply with this rule if the advertisement discloses how much information the lawyer has about the matter. For example, a direct mail advertisement for criminal defense matters would comply if it stated that the lawyer’s only knowledge about the prospective client’s matter is the client’s name, contact information, date of arrest and charge. In the context of securities arbitration, a direct mail advertisement would comply with this re *632 quirement by stating, if true, that the lawyer obtained information from a list of investors, and the only information on that list is the prospective client’s name, address, and the fact that the prospective client invested in a specific company.
Group or Prepaid Legal Services Plans
This rule would not prohibit a lawyer from contacting representatives of organizations or groups that may be interested in establishing a group or prepaid legal plan for its members, insureds, beneficiaries, or other third parties for the purpose of informing such entities of the availability of, and details concerning, the plan or arrangement that the lawyer or the lawyer’s law firm is willing to offer. This form of communication is not directed to a specific prospective client known to need legal services related to a particular matter. Rather, it is usually addressed to an individual acting in a fiduciary capacity seeking a supplier of legal services for others who may, if they choose, become clients of the lawyer. Under these circumstances, the activity that the lawyer undertakes in communicating with such representatives and the type of information transmitted to the individual are functionally similar to and serve the same purpose as advertising permitted under other rules in this subchap-ter.
RULE 4-7.19 EVALUATION OF ADVERTISEMENTS
(a)Filing Requirements. Subject to the exemptions stated in rule 4-7.20, any lawyer who advertises services shall file with The Florida Bar a copy of each advertisement at least 20 days prior to the lawyer’s first dissemination of the advertisement. The advertisement must be filed at The Florida Bar headquarters address in Tallahassee.
(b) Evaluation by The Florida Bar. The Florida Bar will evaluate all advertisements filed with it pursuant to this rule for compliance with the applicable provisions set forth in rules 4-7.11 through 4-7.15 and 4 — 7.18(b)(2). If The Florida Bar does not send any communication to the filer within 15 days of receipt by The Florida Bar of a complete filing, or within 15 days of receipt by The Florida Bar of additional information when requested within the initial 15 days, the lawyer will not be subject to discipline by The Florida Bar, except if The Florida Bar subsequently notifies the lawyer of noncompliance, the lawyer may be subject to discipline for dissemination of the advertisement after the notice of noncompliance.
(c) Preliminary Opinions. A lawyer may obtain an advisory opinion concerning the compliance of a contemplated advertisement prior to production of the advertisement by submitting to The Florida Bar a draft or script that includes all spoken or printed words appearing in the advertisement, a description of any visual images to be used in the advertisement, and the fee specified in this rule. The voluntary prior submission does not satisfy the filing and evaluation requirements of these rules, but once completed, The Florida Bar will not charge an additional fee for evaluation of the completed advertisement.
(d) Opinions on Exempt Advertisements. A lawyer may obtain an advisory opinion concerning the compliance of an existing or contemplated advertisement intended to be used by the lawyer seeking the advisory opinion that is not required to be filed for review by submitting the material and fee specified in subdivision (h) of this rule to The Florida Bar, except that a lawyer may not file an entire website for review. Instead, a lawyer may obtain an advisory opinion concerning the compliance of a specific page, provision, state *633 ment, illustration, or photograph on a website.
(e) Facial Compliance. Evaluation of advertisements is limited to determination of facial compliance with rules 4-7.11 through 4-7.15 and 4-7.18(b)(2), and notice of compliance does not relieve the lawyer of responsibility for the accuracy of factual statements.
(f) Notice of Compliance and Disciplinary Action. A finding of compliance by The Florida Bar will be binding on The Florida Bar in a grievance proceeding unless the advertisement contains a misrepresentation that is not apparent from the face of the advertisement. The Florida Bar has a right to change its finding of compliance and in such circumstances must notify the lawyer of the finding of noncomplianee, after which the lawyer may be subject to discipline for continuing to disseminate the advertisement. A lawyer will be subject to discipline as provided in these rules for:
(1) failure to timely file the advertisement with The Florida Bar;
(2) dissemination of a noncompliant advertisement in the absence of a finding of compliance by The Florida Bar;
(3) filing of an advertisement that contains a misrepresentation that is not apparent from the face of the advertisement;
(4) dissemination of an advertisement for which the lawyer has a finding of compliance by The Florida Bar more than 30 days after the lawyer has been notified that The Florida Bar has determined that the advertisement does not comply with this subchapter; or
(5) dissemination of portions of a lawyer’s Internet website(s) that are not in compliance with rules 4-7.14 and 4-7.15 only after 15 days have elapsed since the date of The Florida Bar’s notice of noncompliance sent to the lawyer’s official bar address.
(g) Notice of Noncompliance. If The Florida Bar determines that an advertisement is not in compliance with the applicable rules, The Florida Bar will advise the lawyer that dissemination or continued dissemination of the advertisement may result in professional discipline.
(h) Contents of Filing. A filing with The Florida Bar as required or permitted by subdivision (a) must include:
(1) a copy of the advertisement in the form or forms in which it is to be disseminated, which is readily capable of duplication by The Florida Bar (e.g., video, audio, print media, photographs of outdoor advertising);
(2) a transcript, if the advertisement is in electronic format;
(3) a printed copy of all text used in the advertisement, including both spoken language and on-screen text;
(4) an accurate English translation of any portion of the advertisement that is in a language other than English;
(5) a sample envelope in which the written advertisement will be enclosed, if the advertisement is to be mailed;
(6) a statement listing all media in which the advertisement will appear, the anticipated frequency of use of the advertisement in each medium in which it will appear, and the anticipated time period during which the advertisement will be used;
(7) the name of at least 1 lawyer who is responsible for the content of the advertisement;
(8) a fee paid to The Florida Bar, in an amount of $150 for each advertisement timely filed as provided in subdivision (a), or $250 for each advertisement not timely filed. This fee will be used to *634 offset the cost of evaluation and review of advertisements submitted under these rules and the cost of enforcing these rules; and
(9) additional information as necessary to substantiate representations made or implied in an advertisement if requested by The Florida Bar.
(i) Change of Circumstances; Refiling Requirement. If a change of circumstances occurs subsequent to The Florida Bar’s evaluation of an advertisement that raises a substantial possibility that the advertisement has become false or misleading as a result of the change in circumstances, the lawyer must promptly re-file the advertisement or a modified advertisement with The Florida Bar at its headquarters address in Tallahassee along with an explanation of the change in circumstances and an additional fee set by the Board of Governors, which will not exceed $100.
(j) Maintaining Copies of Advertisements. A copy or recording of an advertisement must be submitted to The Florida Bar in accordance with the requirements of this rule, and the lawyer must retain a copy or recording for 3 years after its last dissemination along with a record of when and where it was used. If identical advertisements are sent to 2 or more prospective clients, the lawyer may comply with this requirement by filing 1 of the identical advertisements and retaining for 3 years a single copy together with a list of the names and addresses of persons to whom the advertisement was sent.
Comment
All advertisements must be filed for review pursuant to this rule, unless the advertisement is exempt from filing under rule 4-7.20. Even where an advertisement is exempt from filing under rule 4-7.20, a lawyer who wishes to obtain a safe harbor from discipline can submit the lawyer’s advertisement that is exempt from the filing requirement and obtain The Florida Bar’s opinion prior to disseminating the advertisement. A lawyer who files an advertisement and obtains a notice of compliance is therefore immune from grievance liability unless the advertisement contains a misrepresentation that is not apparent from the face of the advertisement. Subdivision (d) of this rule precludes a lawyer from filing an entire website as an advertising submission, but a lawyer may submit a specific page, provision, statement, illustration, or photograph on a website. A lawyer who wishes to be able to rely on The Florida Bar’s opinion as demonstrating the lawyer’s good faith effort to comply with these rules has the responsibility of supplying The Florida Bar with all information material to a determination of whether an advertisement is false or misleading.
RULE 4-7.20 EXEMPTIONS FROM THE FILING AND REVIEW REQUIREMENT
The following are exempt from the filing requirements of rule 4-7.19:
(a) an advertisement in any of the public media that contains no illustrations and no information other than that set forth in rule 4-7.16;
(b) a brief announcement that identifies a lawyer or law firm as a contributor to a specified charity or as a sponsor of a public service announcement or a specified charitable, community, or public interest program, activity, or event, provided that the announcement contains no information about the lawyer or law firm other than the permissible content of advertisements listed in rule 4-7.16, and the fact of the sponsorship or contribution. In determining whether an announcement is a public *635 service announcement, the following criteria may be considered:
(1) whether the content of the announcement appears to serve the particular interests of the lawyer or law firm as much as or more than the interests of the public;
(2) whether the announcement concerns a legal subject;
(3) whether the announcement contains legal advice; and
(4) whether the lawyer or law firm paid to have the announcement published;
(c) a listing or entry in a law list or bar publication;
(d) a communication mailed only to existing clients, former clients, or other lawyers;
(e) a written or recorded communication requested by a prospective client;
(f) professional announcement cards stating new or changed associations, new offices, and similar changes relating to a lawyer or law firm, and that are mailed only to other lawyers, relatives, close personal friends, and existing or former clients; and
(g) information contained on the lawyer’s Internet website(s).
RULE 4-7.21 FIRM NAMES AND LETTERHEAD
(a) False, Misleading, or Deceptive Firm Names. A lawyer may not use a firm name, letterhead, or other professional designation that violates rules 4-7.11 through 4-7.15.
(b) Trade Names. A lawyer may practice under a trade name if the name is not deceptive and does not imply a connection with a government agency or with a public or charitable legal services organization, does not imply that the firm is something other than a private law firm, and is not otherwise in violation of rules 4-7.11 through 4-7.15. A lawyer in private practice may use the term “legal clinic” or “legal services” in conjunction with the lawyer’s own name if the lawyer’s practice is devoted to providing routine legal services . for fees that are lower than the prevailing rate in the community for those services.
(c) Advertising Under Trade Names. A lawyer may not advertise under a trade or fictitious name, except that a lawyer who actually practices under a trade name as authorized by subdivision (b) may use that name in advertisements. A lawyer who advertises under a trade or fictitious name is in violation of this rule unless the same name is the law firm name that appears on the lawyer’s letterhead, business cards, office sign, and fee contracts, and appears with the lawyer’s signature on pleadings and other legal documents.
(d) Law Firm with Offices in Multiple Jurisdictions. A law firm with offices in more than 1 jurisdiction may use the same name in each jurisdiction, but identification of the lawyers in an office of the firm must indicate the jurisdictional limitations on those not licensed to practice in the jurisdiction where the office is located.
(e) Name of Public Officer in Firm Name. The name of a lawyer holding a public office may not be used in the name of a law firm, or in communications on its behalf, during any substantial period in which the lawyer is not actively and regularly practicing with the firm.
(f) Partnerships and Business Entities. A name, letterhead, business card or advertisement may not imply that lawyers practice in a partnership or authorized business entity when they do not.
(g) Insurance Staff Attorneys. Where otherwise consistent with these rules, law *636 yers who practice law as employees within a separate unit of a liability insurer representing others pursuant to policies of liability insurance may practice under a name that does not constitute a material misrepresentation. In order for the use of a name other than the name of the insurer not to constitute a material misrepresentation, all lawyers in the unit must comply with all of the following:
(1) the firm name must include the name of a lawyer who has supervisory responsibility for all lawyers in the unit;
(2) the office entry signs, letterhead, business cards, websites, announcements, advertising, and listings or entries in a law list or bar publication bearing the name must disclose that the lawyers in the unit are employees of the insurer;
(3) the name of the insurer and the employment relationship must be disclosed to all insured clients and prospective clients of the lawyers, and must be disclosed in the official file at the lawyers’ first appearance in the tribunal in which the lawyers appear under such name;
(4) the offices, personnel, and records of the unit must be functionally and physically separate from other operations of the insurer to the extent that would be required by these rules if the lawyers were private practitioners sharing space with the insurer; and
(5) additional disclosure should occur whenever the lawyer knows or reasonably should know that the lawyer’s role is misunderstood by the insured client or prospective clients.
Comment
Misleading Firm Name
A firm may be designated by the names of all or some of its members, by the names of deceased members where there has been a continuing succession in the firm’s identity, or by a trade name such as “Family Legal Clinic.” Although the United States Supreme Court has held that legislation may prohibit the use of trade names in professional practice, use of such names in a law practice is acceptable so long as it is not misleading. If a private firm uses a trade name that includes a geographical name such as “Springfield Legal Clinic,” an express disclaimer that it is not a public legal aid agency may be required to avoid a misleading implication. It may be observed that any firm name including the name of a deceased partner is, strictly speaking, a trade name. The use of such names to designate law firms has proven a useful means of identification. However, it is misleading to use the name of a lawyer not associated with the firm or a predecessor of the firm.
A sole practitioner may not use the term “and Associates” as part of the firm name, because it is misleading where the law firm employs no associates in violation of rule 4-7.13. See Fla. Bar v. Fetterman, 439 So.2d 835 (Fla.1983). Similarly, a sole practitioner’s use of “group” or “team” implies that more than one lawyer is employed in the advertised firm and is therefore misleading.
Subdivision (a) precludes use in a law firm name of terms that imply that the firm is something other than a private law firm. Three examples of such terms are “academy,” “institute” and “center.” Subdivision (b) precludes use of a trade or fictitious name suggesting that the firm is named for a person when in fact such a person does not exist or is not associated with the firm. An example of such an improper name is “A. Aaron Able.” Although not prohibited per se, the terms “legal clinic” and “legal services” would be misleading if used by a law firm that did *637 not devote its practice to providing routine legal services at prices below those prevailing in the community for like services.
Trade Names
Subdivision (c) of this rule precludes a lawyer from advertising under a nonsense name designed to obtain an advantageous position for the lawyer in alphabetical directory listings unless the lawyer actually practices under that nonsense name. Advertising under a law firm name that differs from the firm name under which the lawyer actually practices violates both this rule and the prohibition against false, misleading, or deceptive communications as set forth in these rules.
With regard to subdivision (f), lawyers sharing office facilities, but who are not in fact partners, may not denominate themselves as, for example, “Smith and Jones,” for that title suggests partnership in the practice of law.
All lawyers who practice under trade or firm names are required to observe and comply with the requirements of the Rules Regulating the Florida Bar, including but not limited to, rules regarding conflicts of interest, imputation of conflicts, firm names and letterhead, and candor toward tribunals and third parties.
Insurance Staff Lawyers
Some liability insurers employ lawyers on a full-time basis to represent their insured clients in defense of claims covered by the contract of insurance. Use of a name to identify these lawyers is permissible if there is such physical and functional separation as to constitute a separate law firm. In the absence of such separation, it would be a misrepresentation to use a name implying that a firm exists. Practicing under the name of a lawyer inherently represents that the identified person has supervisory responsibility. Practicing under a name prohibited by subdivision (f) is not permitted. Candor requires disclosure of the employment relationship on letterhead, business cards, and in certain other communications that are not presented to a jury. The legislature of the State of Florida has enacted, as public policy, laws prohibiting the joinder of a liability insurer in most such litigation, and Florida courts have recognized the public policy of not disclosing the existence of insurance coverage to juries. Requiring lawyers who are so employed to disclose to juries the employment relationship would negate Florida public policy. For this reason, the rule does not require the disclosure of the employment relationship on all pleadings and papers filed in court proceedings. The general duty of candor of all lawyers may be implicated in other circumstances, but does not require disclosure on all pleadings.
RULE 4-7.22 LAWYER REFERRAL SERVICES
(a) When Lawyers May Accept Referrals. A lawyer may not accept referrals from a lawyer referral service, and it is a violation of these Rules Regulating the Florida Bar to do so, unless the service:
(1) engages in no communication with the public and in no direct contact with prospective clients in a manner that would violate the Rules of Professional Conduct if the communication or contact were made by the lawyer;
(2) receives no fee or charge that constitutes a division or sharing of fees, unless the service is a not-for-profit service approved by The Florida Bar pursuant to chapter 8 of these rules;
(3) refers clients only to persons lawfully permitted to practice law in Florida when the services to be rendered constitute the practice of law in Florida;
(4) carries or requires each lawyer participating in the service to carry pro *638 fessional liability insurance in an amount not less than $100,000 per claim or occurrence;
(5) furnishes The Florida Bar, on a quarterly basis, with the names and Florida bar membership numbers of all lawyers participating in the service;
(6) furnishes The Florida Bar, on a quarterly basis, with the names of all persons authorized to act on behalf of the service;
(7) responds in writing, within 15 days, to any official inquiry by bar counsel when bar counsel is seeking information described in this subdivision or conducting an investigation into the conduct of the service or a lawyer who accépts referrals from the service;
(8) neither represents nor implies to the public that the service is endorsed or approved by The Florida Bar, unless the service is subject to chapter 8 of these rules;
(9) uses its actual legal name or a registered fictitious name in all communications with the public;
(10) affirmatively states in all advertisements that it is a lawyer referral service; and
(11) affirmatively states in all advertisements that lawyers who accept referrals from it pay to participate in the lawyer referral service.
(b) Responsibility of Lawyer. A lawyer who accepts referrals from a lawyer referral service is responsible for ensuring that any advertisements or written communications used by the service comply with the requirements of the Rules Regulating the Florida Bar, including the provisions of this subchapter.
(c) Definition of Lawyer Referral Service. A “lawyer referral service” is:
(1) any person, group of persons, association, organization, or entity that receives a fee or charge for referring or causing the direct or indirect referral of a potential client to a lawyer drawn from a specific group or panel of lawyers; or
(2) any group or pooled advertising program operated by any person, group of persons, association, organization, or entity wherein the legal services advertisements utilize a common telephone number or website and potential clients are then referred only to lawyers or law firms participating in the group or pooled advertising program.
A pro bono referral program, in which the participating lawyers do not pay a fee or charge of any kind to receive referrals or to belong to the referral panel, and are undertaking the referred matters without expectation of remuneration, is not a lawyer referral service within the definition of this rule.
RULE 4-7.23 LAWYER DIRECTORY
(a) Definition of Lawyer Directory. A lawyer directory is any person, group of persons, association, organization, or entity that receives any consideration, monetary or otherwise, given in exchange for publishing a listing of lawyers together in one place, such as a common Internet address, a book or pamphlet, a section of a book or pamphlet, in which all the participating lawyers and their advertisements are provided and the viewer is not directed to a particular lawyer or lawyers. A local or voluntary bar association that lists its members on its website or in its publications is not a lawyer directory under this rule. This rule does not apply to traditional telephone directories.
(b) When Lawyers May Advertise in a Directory. A lawyer may not advertise in a directory unless the directory:
(1) engages in no communication with the public and in no direct contact with *639 prospective clients in a manner that would violate the Rules of Professional Conduct if the communication or contact were made by the lawyer;
(2) receives no fee or charge that constitutes a division or sharing of fees;
(3) lists only persons lawfully permitted to practice law in Florida when the services to be rendered constitute the practice of law in Florida;
(4) responds in writing, within 15 days, to any official inquiry by bar counsel when bar counsel is seeking information described in this subdivision or conducting an investigation into the conduct of the directory or a lawyer who pays to be listed in the directory;
(5) neither represents nor implies to the public that the directory is endorsed or approved by The Florida Bar;
(6) uses its actual legal name or a registered fictitious name in all communications with the public; and
(7) affirmatively states in all advertisements that it is a legal directory or lawyer directory.
(c) Responsibility of Lawyer. A lawyer who advertises in a lawyer directory is responsible for ensuring that any advertisements or written communications used by the directory comply with the requirements of the Rules Regulating the Florida Bar, and that the directory is in compliance with the provisions of this subchap-ter. It is a violation of these Rules Regulating the Florida Bar and a failure of such responsibility if the lawyer knows or should have known that the directory is not in compliance with applicable rules or if the lawyer failed to seek information necessary to determine compliance.